## STATE v. ALLEN JUMEL.

The statute against carrying concealed weapons does not infringe the constitutional right of the people to keep or bear arms—it is a measure of police prohibiting only a particular mode of bearing arms, which is found dangerous to the peace of society.

A prosecution for the "offence" is only barred by the lapse of one year.

APPEAL from the District Court of the parish of Ouachita, *Richardson, J.*

F. R. *Stubbs*, District Attorney, for the State. *Baker & Harris*, for appellant.

SPOFFORD, J. The defendant and appellant was indicted on the 29th April, 1856, for having, on the 17th September, 1855, carried a weapon concealed about his person, an offence punishable under the Act of March 14th, 1855, sec. 115, (Sess. Acts, p. 148,) by a fine not less than $250, nor more than $500, *or* imprisonment for one month.

I. It is urged that the law is repugnant to that provision of the Constitution of the United States which declares, that the right of the people to keep and bear arms shall not be infringed. Amendments, Art. 2.

The statute in question does not infringe the right of the people to keep or bear

arms. It is a measure of police, prohibiting only *a particular mode* of bearing arms which is found dangerous to the peace of society. See *State* v. *Chandler*, 5 An., 489 ; *State* v. *Smith*, 11 An., 633.

II. We have never considered the Act of March 14th, 1855, "relative to crimes and offences," as within the prohibition of the Article 115 of our State Constitution.

III. The defendant in the court below moved to quash the indictment, on the ground that it was not found until more than six months after the day the offence was alleged to have been committed, and that the prosecution was, therefore, barred by limitation.

The law provides that no person " shall be prosecuted for any fine or forfeiture, under any law of this State, unless the prosecution for *the same* " (*i. e.* the fine or forfeiture) " shall be instituted within six months from the time of incurring such fine or forfeiture ; nothing herein contained shall extend to any person absconding or fleeing from justice." Acts 1855, p. 151, sec. 10.

The limitation of six months does not apply to the present indictment, because it is not a prosecution to recover a fine or forfeiture ; it is a prosecution for an " offence " barred only by the lapse of one year, according to the first clause of section 10, just referred to. The object of the proceeding was not to recover any special " fine or forfeiture," but to convict and punish an offender. The Judge was empowered to punish the accused, upon conviction, either by fine, *or* imprisonment. The Grand Jury and the District Attorney had no election as to the penalty, and therefore, could not, and did not prosecute the party for the recovery of a fine or forfeiture. The fact that the Judge, after the accused was found guilty of the offence charged, chose to sentence him to pay a fine, under the discretional power vested in him by statute, did not have such a retroactive effect as to change the character of the proceeding from that of a prosecution for an offence which, had the Judge thought proper, *might* have been punished by imprisonment alone, into a claim for a fine merely.

IV. The Judge sentenced the prisoner to pay a fine of $310, and in default of payment thereof, to be imprisoned for sixty days. The accused complains that in the last part of the sentence the Judge transcended his power, because the statute only authorizes him to order an imprisonment for one month. That would be correct if the Judge had only ordered the party to be punished by imprisonment.

But the statute provides two modes of punishment, the one imprisonment simply, and the other a fine not to be less than $250, nor greater than $500. If the Judge sentences the party convicted to imprisonment, as the sole penalty of his guilt, the extreme term is one month, and then no fine can be imposed. But he may prefer to sentence him to pay the fine authorized by the statute, and then he may compel the person convicted to obey this sentence, by holding him in custody until he does obey, or is discharged by law. The object of imprisonment in such a case, is not to punish the party for the offence of which he was convicted, but to compel him to execute the sentence of the court by payment of the fine imposed by law, or to punish him for not obeying the sentence of the court. Such a case is specially provided for by law. " Every person being adjudged to pay a fine, shall, in default of payment or recovery thereof, be sentenced to be imprisoned for a period not exceeding one year." See Act " relative to criminal proceedings," sec. 4, (Sess. Acts, 1855, p, 151.)

Judgment affirmed, with costs.