# Chatteaux v. The State.

## Indictment for Carrying Concealed Weapon.

1. *General charge; when exception to, not available.* — A more general exception to a charge, containing separate charges or instructions, given by the court of its own motion, will not require this court to scrutinize the charge. Unless it is wrong as an entirety, the exception is not available.

2. *Carrying concealed weapon; what not sufficient to excuse.* — Reasonable ground to apprehend an attack at a dangerous locality which defendant visited about daybreak, will not be a sufficient excuse for casually carrying concealed a weapon, procured for that visit, late in the day at a locality not shown to be dangerous.

[Chatteaux v. State.]

APPEAL from City Court of Mobile.

Tried before Hon. O. J. SEMMES.

Appellant was convicted for carrying a pistol concealed about his person. The testimony tended to show in substance that defendant was a fruit and vegetable dealer in the market at Mobile; that his business required his attention late in the night and early in the morning, he often counting up his cash and carrying it and his books home with him after closing at night; that his route, from his place of business to his home, carried him along the wharf and through a portion of the city known as " Spanish Alley ; " that many fishermen congregated in this locality, which was settled by a lawless and mixed population of all nationalities, and that at night and early in the morning it was dangerous to pass-through it, and that defendant, or any other person doing so, had good reason to apprehend an attack, and danger even to his life; that the day the pistol was exhibited was the day before Christmas and a very busy one ; that prisoner left home about half past three o'clock in the morning, coming through the neighborhood of " Spanish Alley," and the day being cold, and he being busy, kept on all day the overcoat in the pocket of which he had put the pistol early in the morning ; that at five o'clock in the evening, and about fifteen minutes after leaving his place of business, prisoner, while on Royal Street, near the post-office, with some letters, took the pistol out of the pocket in which it had been concealed. Appellant proved an unexceptionable character as a peaceable, quiet, and industrious citizen. The court, as the bill of exceptions recites, charged the jury as follows : " If you believe, from the evidence, that the defendant not being threatened with, or having good reason to apprehend an attack, carried concealed about his person a pistol in this county, before the finding of the indictment, and within one year thereof, then he would be guilty as charged. As to what sort of attack is contemplated by the law the court tells you that some specific attack is meant, and not that some locality through which defendant had to pass in the line of his business, late at night, had a reputation for lawlessness. If, you find the defendant guilty, the form of your verdict will be, — We, the jury, find the defendant guilty as charged in the indictment, and further find that he be fined not less than fifty nor more than three hundred dollars. If, upon the whole evidence, you entertain a reasonable doubt of the guilt of the prisoner, you should acquit." To the giving of this charge the defendant excepted. The defendant then requested the court to charge the jury " if they believed defendant armed himself, having good reason to apprehend an attack, and to defend himself in going and returning from his home on business, before day and late at night, then he was

[Chatteaux v. State.]

justified in doing so, and if having such weapon in his pocket, at the time shown by the proof, was casual, he is not guilty."

The charge given and the refusal to charge as requested are now assigned as error.

HERNDON & SMITH, for appellant. — An inspection of the charge will show that it was an entire charge, and hence the exception need not have been more pointed. The charge given is in effect a direction to convict, no matter what danger defendant may have had good reason to apprehend, so long as there was not good reason to apprehend a *specific* attack. *Eslava's case* does not militate against this. In that very case " good reason to *apprehend* an attack " in " passing through the streets of a town or city " is stated to be an excuse. It should have been left to the jury to say whether the carrying the weapon concealed was accidental. If it was done unintentionally and casually, it was not a violation of law.

JNO. W. A. SANFORD, Attorney General, *contra.*

MANNING, J. — The charge excepted to in this cause was excepted to as a whole, and was the main charge given by the court of its own motion to the jury. It consisted in fact of several separate charges, or instructions ; some of which were undoubtedly correct. Only one of them is here objected to as erroneous. A general exception to such a charge does not authorize this court to examine it in order to find error. The attention of the court below should have been called by the exception to the particular instruction upon which the allegation of error was intended to be predicated. *Cohen* v. *The State*, in MS.

2. The charge asked by defendant of the court and refused, was properly refused. The evidence shows that the offence of which the appellant was convicted was the carrying of a pistol concealed ; and that this was done, or the discovery made that he was so carrying a pistol, at five o'clock in the evening, near the post-office on Royal Street, in Mobile. That he had armed himself with the pistol the night before after midnight, because he was then about to go, in the course of his business, into a dangerous locality in which he had good reason to apprehend an attack, and so had the pistol casually, later in the day, in his pocket, constitutes no sufficient reason for his acquittal.

In *Eslava* v. *The State* (49 Ala. 355), this court held that the right to carry a pistol, or other weapon concealed, for any of the reasons mentioned in the statute, was coextensive only with the necessity or occasion on which the right depended.

[Allen *v.* State.]

The courts and juries should not be facile in receiving excuses for violations of this important section of the Criminal Code. The judgment of the city court is affirmed.