# Etress *v.* The State.

*Indictment for Carrying Concealed Weapons.*

88  191
98   72

1. *Continuity of offense; election.*—The act of carrying a pistol concealed about the person (Code, § 3775) being continuous in its nature, the prosecution can not be put to an election, because a witness, having testified that, on meeting the defendant in the public road, and talking with him, "he saw something in the breast pocket of his coat which he took to be a pistol, though he could not swear it was," further states

[Etress v. The State.]

that, on his return about an hour afterwards, defendant having waited for him, and got into his wagon with him, "exhibited to him a pistol in his hand, which was the first time witness had seen it to know that it was a pistol."

FROM the County Court of Shelby.
Tried before the Hon. R. W. COBB.

The indictment in this case charged that the defendant carried a pistol concealed about his person. On the trial, the State introduced one Vincent as a witness, who testified that one day, within twelve months before the finding of the indictment, while riding in the road on his wagon with a load of wood, he met the defendant at Abbott's shop in said county, shook hands with him, and talked for a few minutes; that he was then going to the Shelby Iron Works, about one mile distant, and defendant said he would remain at the shop until his return; "that he saw, while talking to the defendant, something in the breast pocket of his coat, which he took to be a pistol, though he could not swear it was." The defendant then asked the court to "require the solicitor to elect the time and place for which he would proceed," and he excepted to the overruling of his motion. The witness then testified, that on his return, about an hour afterwards, "defendant got into the wagon with him, and he drove off towards home; that defendant, when they were about a quarter of a mile from the shop, exhibited to him a pistol in his hand, which was the first time witness had seen it to know that it was a pistol; that defendant, while riding in the wagon, sat facing him part of the time, and at other times with his left side towards witness; and that he did not see any pistol during that time. The defendant objected to the introduction of this evidence, on the ground that it was at a different time and place from that first stated by the witness." The court overruled the objection, and the defendant excepted. The defendant asked the court to charge the jury, "that if they believed from the evidence that defendant had a pistol at the time Vincent saw him at the shop, while on his way to Shelby Iron Works with a load of wood, and that it was not concealed from ordinary observation, they must find him not guilty." The court refused this charge, and instructed the jury, "of its own motion, that if they believed from all the evidence that, at any time on that day, and on that occasion, the defendant carried about his person a pistol concealed from ordinary observation, then he would be guilty as charged." The defendant excepted to the charge given, and to the refusal of the charge asked.

[Riley v. The State.]

Wm. L. Martin, Attorney-General, for the State, cited *Smith v. State,* 79 Ala. 257; *Owens v. State,* 74 Ala. 401.

McCLELLAN, J.—The act of carrying a concealed weapon is, *ex vi termini,* continuous in its nature.—*Smith v. State,* 79 Ala. 257. An act of this character may be shown by testimony of the fact of possession of the weapon, concealed from ordinary observation, at any time during the continuance of it; and the introduction of evidence of such possession and concealment at different times, covered by the one continuous act, does not present a case on which the State should be put to an election of the particular moment of the offense for which it will proceed.—*Owens v. State,* 74 Ala. 401.

The rulings of the County Court were in accordance with these principles, and its judgment is affirmed.

