# Reach *v.* The State.

### *Indictment for Carrying Concealed Weapons.*

1. *Apprehension of attack as defense; officer having legal process to execute.*—Under the statute against carrying concealed weapons (Code, § 3775), the only recognized exception is in favor of a person who has "good reason to apprehend an attack;" and this exception is not absolute, but is only matter for the consideration of the jury, who may allow it in justification or mitigation, or may disallow it entirely; nor does the exception extend to an officer, having legal process to execute, who fears he may be resisted.

FROM the Circuit Court of Bibb.
Tried before the Hon. JAS. R. DOWDELL.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—Successive amendments of the statute against carrying concealed weapons have eliminated from it all positive exceptions to its operation, and left but one loophole of escape from conviction open to a defendant who is shown to have carried a weapon concealed about his person.

[Reach v. The State.]

He is allowed to prove "that, at the time of carrying the weapon concealed, he had good reason. to apprehend an attack;" and this fact "the jury may consider in mitigation of the punishment, or justification of the offense."—Code, § 3775. But they are not bound either to acquit the defendant, or lessen their assessment of his punishment on account of it; for, notwithstanding the clearest proof of it, it is still within their discretion to convict him, and fix his punishment at the extremest limits of the statutory penalty. So that the only exception which the statute now contains is but a qualified one, depending for its value to the defendant, in any case, solely upon the view the jury may take of his conduct in the premises. The facts that all other exceptions have been stricken from the statute, and that this one has been converted from a positive one into one that may or may not avail a defendant who brings his case within its terms, as the jury may in their unfettered discretion determine, demonstrates a legislative policy most inimical to the practice sought to be broken up, and a legislative purpose which would be thwarted by extending this qualified exception to any case not within both its spirit and letter.

In the case at bar, the effort was to bring the defendant within the exception by evidence which tended to show that he was an officer of the law, and that he carried the weapon concealed about his person while attempting to arrest an alleged criminal, whom he knew to be armed with a gun, and who, he had good reason to apprehend, would resist the arrest, even to the extent of taking the lives of the officers, or doing them great bodily. harm. The statute contains no exception in favor of officers in the execution of process, or otherwise; and, of course, the mere fact that defendant was an officer for the time being, and engaged in the discharge of official duties, without more, is of no moment whatever in determining his guilt or innocence of the offense laid in the indictment. The real question is, whether, being an officer, his well-grounded apprehension of resistance of the character stated was the equivalent of the statutory apprehension of an attack, to which the jury might have looked in mitigation or justification of the offense. We do not think it was. In the first place, it is inapt to speak of resistance to some act being attempted by another, as an attack upon the person making the attempt. As the terms are understood in common parlance, the act of the officer is an attack upon the alleged criminal, and the latter's effort to avoid arrest is more in the nature of defense against such attack than of an assault. It is true the officer may be clothed with the right to make the assault, and it is

equally true that the alleged criminal is without the right to resist; yet we do not conceive that these considerations can make an attack of that which is essentially only resistance to an attack. Nor does the spirit of the statute require that such a case should be held to be within its qualified exception. This exception was engrafted upon it out of regard for, and in recognition of a general public prejudice against, and condemnation of the practice of private citizens going dangerously armed, in connection with the right to prepare for self-defense; and was intended to conserve this right, and at the same time save the citizen whose life was in danger from incurring public ridicule and condemnation, by allowing him to carry weapons concealed, and thus be ready to defend himself, without offending public sentiment. These considerations do not apply to the case of an officer of the law, charged with the execution of process which may involve bodily peril. He incurs no adverse criticism by bearing arms openly. On the contrary, it is expected that he should be armed, and he does not suffer in public estimation by reason of being so, whenever in his judgment it is necessary. Moreover, an officer makes or selects the occasion upon which there is a necessity to be armed; he is the actor, and the necessity is not indefinite in respect of the time covered by it, as is the case with a private citizen having good cause to apprehend an attack, but not knowing when or where it will be made. And it might be considered a hardship, doubtless was considered a hardship, to subject a private person to the criticism and inconvenience of going publicly armed for an indefinite period of time, while, even if the same public sentiment obtained with respect to officers, it would be comparatively no hardship on them to bear arms on the occasions, known to them, when a necessity to use them might reasonably be expected.

These considerations lead us to the conclusion, that the case made for the defendant is not within the statutory exception; and the fact that the defendant carried a pistol concealed about his person being admitted, the court, we think, properly gave the affirmative charge for the State.

Affirmed.