# Bell *v.* The State.

*Indictment for Carrying Concealed Weapon.*

1. *Concealed weapons; apprehended attack.*—Where on an indictment
for carrying a concealed pistol. the defense was that the defendant
had reason to apprehend an attack.from C , with whom he had had a
difficulty, and defendant's testimony showed that C. was a dangerous
character, it was competent for the State to prove that C. was a jus-
tice of the peace.

2. *Same.*—Testimony by defendant that he was employed as a
watchman, and as such was liable to be attacked, was properly ex-
cluded when it appeared that when the pistol was found on him he
was not, and had not recently been at his place of employment.

APPEAL from the Circuit Court of Jackson.
Tried before the Hon. JOHN B. TALLY.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—Appellant was convicted of the of-
fense of carrying a pistol concealed about his person.    The
fact of so carrying the weapon within the time and venue
covered by the indictment was admitted.    The defense was
that he had good reason to apprehend an attack.    It was in
VOL. C.

[Bell v. The State.]

the evidence that he had had a difficulty some little time before with one Chambless, who lived in a village about five miles from Paint Rock, a village · in which the defendant lived and where the pistol was carried by him, and that said Chambless was frequently in Paint Rock. There was also evidence tending to show that Chambless was a determined, dangerous man and that he had declared after the difficulty referred to that if Bell, the defendant, "ever crossed his path again he would kill him." We think it entirely clear on this state of case, and especially in view of the evidence offered as to the dangerous character of Chambless, that it was competent for the State to prove that Chambless was a justice of the peace. The inquiry was as to the fact of defendant's apprehension of an attack and the reasonableness of that apprehension, whether if it was entertained the defendant had "good reason" to be apprehensive. A justice of the peace is a sworn peace officer; he is under a special duty to preserve the public peace, and upon him in a greater degree than upon the private citizen rests an obligation to personally abstain from violence. The fact, therefore, that the person from whom an attack was apprehended was a justice of the peace was proper to be considered by the jury in determining whether there was good reason for the defendant to expect violence from him; it was a circumstance having some tendency to weaken the force of the alleged threat as furnishing the defendant good reason to apprehend an attack; and the court properly allowed it to go the jury.

There was no error in excluding testimony to the effect, that the defendant was acting night watchman at a lumber yard in Paint Rock, that as such watchman he was *liable* to be attacked, and that there had been rocks thrown at the night watchman (not defendant but the regular watchman) two or three times during the same winter." At the time defendant is shown to have had the pistol concealed about his person he was not discharging his duties as such watchman, nor was he at said lumber yard, nor, for aught that appears, had he been there at all that day ; but, to the contrary, in compliance with the request of a letter he had received from the manager of the lumber company, the defendant had gone from his residence by way of the postoffice to the railway depot to meet said manager and light him to his hotel, and while in the depot awaiting the arrival of the train he had the pistol concealed about his person. Whether he would have had "good reason to apprehend an attack" had he at that time been engaged in his duties as

[Holmes v. The State.]

watchman it is immaterial to inquire. His right to then and there carry a pistol, if he would have any such right, which we do not at all concede, could afford no justification or palliation for carrying the weapon at a different place when and where the dangers and liability to attack incident to a discharge of the duties of night watchman at the lumber yard did not at all exist. *Chatteaux v. State*, 52 Ala., 388.

We find no error in the record, and the judgment of the Circuit Court is

Affirmed.