# Maxwell *v.* The State.

## *Indictment for Carrying Concealed Weapons.*

1. *Carrying concealed weapons; punishment.*—The statute punishing the carrying of concealed weapons fixes the minimum fine therefor at fifty dollars; still, under that portion of the statute providing that the defendant may give in evidence that, at the time, he had good reason to apprehend an attack, which the jury may consider in mitigation of the punishment, or justification of the offense, the jury may, on conviction, assess as punishment, a fine less than fifty dollars.

APPEAL from Jackson Circuit Court.

Tried before HON. A. H. ALSTON.

The defendant was tried and convicted of carrying concealed weapons, and fined twenty-five dollars.

On the trial, the State introduced evidence showing the carrying by the defendant of a concealed pistol, in the town of Stevenson, Jackson County. The defendant introduced evidence showing that one J. H. Cameron, a day or two before the offense charged, had made threats against the life of the defendant, which threats had been communicated to him. That defendant was a mail carrier, and that his duties as such made it necessary for him to daily pass and repass the house of said Cameron, who lived nine or ten miles from Stevenson.

In its general charge to the jury, the Court said: "If the defendant, at the time of carrying the pistol concealed on his person, had good reason to apprehend an attack from the man Cameron, then you may consider such fact, if shown by the evidence, either in justification of the offense or in mitigation of the punishment, as you may determine. To be good, either in justification or mitigation, it must appear that the defendant had good ground to apprehend an attack at the time and place of carrying the pistol so concealed." The Court, also, refused to give written charges, requested by the defendant, as follows: "1. If the defendant had good

reason to apprehend an attack from Cameron, on meeting up with him, that the defendant was carrying the mail from his home to Stevenson, a distance of about ten miles, and in going and returning each day, he passed the home of Cameron, and he was found with a pistol in Stevenson while on one of his daily trips, then the jury may consider such testimony in justification, or mitigation of the offense." "2. If the defendant, in carrying the mail from Stevenson back home, had good reason to apprehend an attack en route, and he was about to return, it would not necessarily follow that he should be in danger while in Stevenson, in order to justify or mitigate the offense."

The jury returned a verdict of guilty, and assessed the punishment at a fine of twenty-five dollars. Thereupon, the defendant moved in arrest of judgment, on the ground that the verdict was illegal, in that it assessed a fine at a sum less than that declared by law to be the minimum fine for the offense. This motion was overruled.

VIRGIL BOULDIN, for the appellant.

MASSEY WILSON, Attorney General, for the State.

DOWDELL, J.—The portion of the oral charge of the court excepted to by the defendant was free from error. So too, the refusal of the court to give written charges 1 and 2, requested by the defendant, was free from error.—*Eslava v. State,* 49 Ala. 355; *Chatteaux v. State,* 52 Ala. 388.

The minimum fine for the offense of carrying a concealed pistol is fifty dollars. The statute, however, provides, "But the defendant may give evidence that, at the time of carrying the weapon concealed, he had good reason to apprehend an attack, which the jury may consider in mitigation of the punishment, or justification of the offense."

The jury by their verdict, under the evidence, fixed the fine in the present case at twenty-five dollars; this was favorable to the defendant, and in mitigation of his

punishment, and they were authorized to do so under·
the above provision contained in the statute, although
less than the minimum fine of fifty dollars.—*Bass v.
State*, 63 Ala. 108.

· We find no error in the record, and the judgment of
the court will be

Affirmed.

MCCLELLAN, C. J., ANDERSON and DENSON, J. J., con-
curring.