PEOPLE v. RYAN.

(City Magistrates' Court of New York City.   December, 1911.)

WEAPONS (§ 3*)—RIGHT TO BEAR ARMS.

The second amendment to United States Constitution, providing that the right of the people to keep and bear arms shall not be infringed, is a restriction only on the power of the United States government, and does not restrict state governments in the exercise of their police powers from regulating the manufacture, sale, and possession of firearms.

[Ed. Note.—For other cases, see Weapons, Cent. Dig. § 3; Dec. Dig. § 3.*]

Sadie Ryan was arrested and charged with having in her possession a firearm of the size that might be concealed without having procured a permit.   On preliminary examination.   Defendant held for trial.

Charles S. Whitman, Dist. Atty. (L. S. Breckinridge, Asst. Dist. Atty., of counsel), for the People.

Michael A. Rofrano and Gerard J. Cuoco, for defendant.

FRESCHI, City Magistrate.   At the examination on the complaint charging the defendant, Sadie Ryan, with violating section 1897 of the Penal Law (Consol. Laws 1909, c. 40), popularly known as the Sullivan Pistol Law, counsel for the defendant admitted the facts alleged, that on the date mentioned in the complaint the defendant resided in the city and county of New York, and that at that time she had in her actual physical possession a firearm, to wit, a revolver, containing four shells loaded with powder and ball, and one shell that had been exploded, without having first procured a permit to possess such pistol. It seems that defendant in examining a trunk in her home found it contained a loaded revolver, which was accidentally fired, and that, when the policeman whose attention was attracted by the report arrived on the scene and saw the defendant in her own premises with the revolver in her hand, he arrested her.

The defendant now moves to dismiss the complaint on the ground that it charges no violation of law, since, as is claimed, any law which abridges the right to bear firearms is unconstitutional and void.   The motion of the defendant must be denied.   Frequent reference has been made to the United States Constitution on the theory that it grants "the right of the people to keep and bear arms unrestricted." Nothing is further from the truth.   The second amendment of the federal Constitution reads as follows:

"A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms shall not be infringed."

This amendment, it has been held, is not a limitation on the powers of the state.   Federal Statutes, Annotated, vol. 9, p. 247, and cases there cited.   The infringement referred to as being prohibited is such as Congress might enact.   To the state is left the power to preserve its own security and to legislate in the matter of bearing firearms.

In the federal statutes (annotated) we find it stated that the right of the people to keep and bear arms is not infringed by laws prohib-

iting the carrying of concealed weapons. Such a state statute is a police measure, prohibiting only a certain mode of bearing arms which is found dangerous to the peace of society. State v. Jumel, 13 La. Ann. 399; State v. Buzzard, 4 Ark. 18; Nunn v. State, 1 Ga. 243. See, also, State v. Chandler, 5 La. Ann. 489, 52 Am. Dec. 599; English v. State, 35 Tex. 475, 14 Am. Rep. 374; Cockrum v. State, 24 Tex. 394.

This provision of the law of the land, for such is the Constitution, is in effect a restriction on the powers of the national government, and that alone Congress may in no wise abridge or restrict the right to bear arms. United States v. Cruikshank (1875) 92 U. S. 553, 23 L. Ed. 588.

It must be perfectly plain that no state shall be restricted in its right to exercise its police powers in matters that concern the regulation of the manufacture, sale, and possession of firearms.

The statute under consideration forbids any person having in his possession a firearm of the size that may be concealed upon the person without first having procured a permit to possess it. This is merely a regulation as to how and in what manner one may keep or bear firearms of the character described. The matter concerns the state alone, and its legislation in the premises is in my opinion constitutional and reasonable.

I must hold the defendant for trial for the Court of Special Sessions.

---

### PEOPLE v. PIGNATORO.

(City Magistrates' Court of New York City. September, 1911.)

1. STATUTES (§§ 174, 175*)—CONSTRUCTION—GENERAL RULES.

   In construing an act of the Legislature, the courts must not only, if possible, uphold its validity and declare the legislative intent, but they must, where the language is ambiguous or seemingly destructive of established principles of justice, ascertain the evil to be remedied and, if possible, declare its true purpose.

   [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 254; Dec. Dig. §§ 174, 175.*]

2. WEAPONS (§ 13*)—CARRYING WEAPONS—STATUTES.

   Penal Law (Consol. Laws 1909, c. 40) §§ 1896, 1897, 1899, as amended by Laws of 1911, c. 195, respectively provide that a person who manufactures specified deadly weapons or sells or keeps for sale the same to any person under the age of 16 years is guilty of a misdemeanor; that a person who attempts to use against another or carries or possesses any instrument or weapon such as a blackjack, dagger, dangerous knife, or other deadly weapon is guilty of a felony, that an unlicensed person over the age of 16 years who shall have in his possession in any city any pistol or firearm which may be concealed upon the person shall be guilty of a misdemeanor, or if he shall carry it concealed upon his person he shall be guilty of a felony, and any person, not a citizen, who shall carry firearms or dangerous weapons in any public place, shall be guilty of a felony, and that the unlawful carrying of any such weapon by one not a peace officer is a nuisance. *Held* that, as the purpose of the law was to prevent the unlawful carrying of weapons by thugs and criminals, minors, and aliens, the act is within the police powers

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes