# Stout *v.* The State.

### Violating Prohibition Law.

(Decided August 1, 1916. Rehearing denied September 7, 1916. 72 South. 762.)

1. **Intoxicating Liquors; Evidence; Statute.**—Under Acts 1915, p. 9, § 4, it is not essential, in order to raise the statutory presumption, to prove that the accused owned, or even had legal possession of, the building in which such liquors were kept; the prosecution being for keeping prohibited liquors or beverages in a building not usd exclusively for a dwelling.

2. **Same.**—Under the said statutes such keeping, when shown would be prima facie evidence that the keeping was for sale, or with intent to sell the same contrary to law, even if the accused kept liquors on the premises of another without his consent; and the fact of ownership or possession of the property where such liquors were kept would be merely a matter of evidence pertinent to the question as to who was responsible for such keeping.

3. **Same.**—The provisions of § 4, Acts 1915, p. 9, were not repealed by § 13, Acts 1915, p. 45, known as the Bonner Anti-Shipping Bill.

4. **Trial; Function of Court and Jury.**—The credibility and weight to be given evidence and the inferences to be drawn therefrom are the province of the jury and not of the court.

5. **Witnesses; Cross Examination; Scope.**—Where the defendant has put his character in issue by introducing witnesses to prove his good character,

[Stout v. The State.]

it was permissible on cross examination to inquire of these witnesses if they had not heard of reports current in the community of defendant's residence, prior to the alleged criminal act, derogatory to his good character; this for the purpose of showing either that the witnesses were mistaken in their estimate, or as shedding light on their estimate of such character.

6. Same.—In such a case, the prosecution being for violating the prohibition law, it was permissible to ask his character witnesses, if they had not heard that defendant had the reputation of being a boot-legger, or if they had not heard that he had been convicted of violating the law in this respect.

7. Same.—It is only on cross examination that inquiry into defendant's prior reputation in special respects or his prior conviction for specific violation of law may be made; the party offering the witness is limited to a showing of general good character.

8. Same; Discretion.—It was not an abuse of discretion by the trial court to allow the cross examination of defendant's character witnesses to extend to the fact that one of such witnesses was indebted to defendant, and that defendant was on the official bond of the other.

9. Intoxicating Liquors; Instructions.—Where the only liquors referred to in the evidence were prohibited or intoxicating liquors, an instruction was not objectionable because it contained the term "liquors" instead of "prohibited or intoxicating liquors."

10. Appeal anad Error; Erroneous Sentence; Reversal.—Where no error intervened in the trial and conviction, and the sentence only was erroneous, the judgment will be affirmed up to the sentence, and the cause remanded for proper sentence.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

(Ed. Note—This cause was reviewed by Supreme Court on certiorari and writ denied. See *Stout v. State*, 198 Ala., 73 South. 1001.)

Tobe Stout was convicted of violating the prohibition law and he appeals. Affirmed as to the conviction, but reversed and remanded for proper sentence.

The matters of evidence referred to in the opinion sufficiently appear. The oral charge of the court excepted to was as follows:

A tenant and landlord or owner may jointly use or have possession of a piece of property not used exclusively for a dwelling, and should either, while in possession of the property, keep upon the same any of the prohibited liquors stored thereon, then I charge you this would be prima facie evidence of a violation of the prohibition statutes by the person so keeping the prohibited liquors. Now, if you should believe the fact, if it be a fact, that although the property in question had been rented to another, and the defendant had liquor stored thereon, then I charge you that this would come within the inhibition of the

[Stout v. The State.]

statute. However, it is a question for you to determine whether Bowry had possession as tenant, or whether the defendant had possession, or whether they had joint possession, and you can determine that fact alone from the evidence.

The following special instructions were refused the defendant:

(A) General affirmative charge.

(B) If you find from the evidence the building where the liquors were found was at the time in the possession of A. J. Bowry as tenant, and did not belong to the defendant, your verdict must be for the defendant.

WERT & LYNNE, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.— (1-3) There was some evidence from which the jury were authorized to infer that the defendant was keeping the liquors in the shed room of the old warehouse owned by the Cook Brewing Company. This property, as the evidence shows, had been turned over to the defendant under a tentative contract of purchase, and he had leased a part of it to the Gulf Refining Company; and the latter company had constructed an oil house on the lot, and was using the main warehouse for stables; but there was evidence showing that the defendant had in his possession a key to the main warehouse, and tending to show that on the day of the search by the sheriff the defendant and a negro man were seen in the shed room where the liquors were found by the sheriff, and when they left the shed room, or, as the witness described it, "a sort of chicken coop building," they went into the main warehouse, and the evidence further showed that this shed room was locked; and the officers, in making search of the premises, broke into this shed room and found one quart and several pint bottles of liquor. The defendant maintained a real estate office on one corner of the lot, and some of the evidence tending to show that the location of this office was away from the business district of the city, while other evidence showed that other offices and business houses were similarly located. The evidence shows that the property where the liquors were found stored was not used as a dwelling, but for business purposes; and under the provisions of section 4 of the act approved January 23, 1915 (Acts 1915, p. 9), "the keep-

ing of liquors or beverages that are prohibited by law of the state to be manufactured, sold, or otherwise disposed of in any building not used exclusively for a dwelling shall be prima facie evidence that they are kept for sale, or with intent to sell the same, contrary to law." It is not essential that the person charged should own, or even have the legal possession of, the property to bring it within this statute, and, even though the liquors are kept by the accused on the premises of another without his consent, such keeping, when shown, would, under the statute, be prima facie evidence that the keeping was for sale or with intent to sell the same contrary to law. The fact of ownership or possession of the property where such liquors are kept is merely a matter of evidence pertinent to the question as to who is responsible for such keeping. Section 4 of the act, supra, was not repealed by the subsequent act known as the Bonner Anti-Shipping Law (Acts 1915, p. 45, § 13).

(4) The credibility and weight of the evidence and the legitimate inferences it afforded were for the jury.—*Nichols v. State,* 4 Ala. App. 115, 58 South. 681. The defendant's motion to exclude all the evidence offered by the state was properly overruled, and the affirmative charge well refused.

(5-9) The defendant put his character in issue by offering witnesses to prove his good character, and on cross-examination it was permissible to inquire of the witnesses if they had not heard of reports current in the community of defendant's residence before the alleged criminal act under investigation derogatory to such good character for the purpose of either showing that the witnesses were mistaken in their estimate, or shedding light on their estimate of such character.—*Mitchell v. State,* 14 Ala. App. 46, 70 South. 991; *Ella Smith v. State,* 197 Ala. 193, 72 South. 316. The specific trait of the defendant's character that was involved in this case is that with reference to observation of the prohibition laws of the state; and therefore it was permissible to ask the witnesses if they had not heard that the defendant had the reputation of being a "boot-legger," or if they had not heard that he had been convicted for violation of the law in this respect.—*Mitchell v. State, supra; Bullington v. State,* 13 Ala. App. 611, 69 South. 319. It is only on cross-examination that a party may inquire into such particulars affecting character. The party offering the witness is limited to showing the general good character.—*Sexton v. State,* 13 Ala. App. 84,

[Ex Parte Brown.]

69 South. 341, affirmed by Supreme Court, 70 South. 1014. No abuse of discretion of the trial court is shown in extending the cross-examination of the defendant's character witnesses to the fact that one of the witnesses was indebted to the defendant, and that the defendant was on the official bond of the other. Such matters are within the enlightened discretion of the trial court. —*Cox v. State*, 162 Ala. 66, 50 South. 398. The instruction contained in the excerpt of the oral charge to which exception was reserved is in accord with the principles above stated and is free from error. And the charge was not objectionable because it did not use the terms "prohibited liquors" or "intoxicating liquors." The only liquors referred to in the evidence were of that class. No error is shown in the refusal of special charges A and B. The additional sentence imposed by the court was for 12 months and in excess of what was authorized by law.

(10) No error affecting the trial up to the conviction appearing, the judgment of conviction is affirmed; but the sentence of the court is reversed, set aside, and annulled, and the case remanded for proper sentence.—*Mulligan v. State, infra*, 72 South. 761; *Bryant v. State*, 13 Ala. App. 206, 68 South. 704.

Affirmed in part, and in part reversed and remanded.