JOHNSON v. STATE. (6 Div. 243.)

(Court of Appeals of Alabama. April 10, 1917.)

1. WEAPONS &⟳17(3) — CONCEALED PISTOLS — EVIDENCE—ADMISSIBILITY.

In a prosecution under Acts 1909, p. 259, § 5, for carrying a concealed pistol, defendant's evidence that at the time he was arrested he had $40 or $50 in his possession was properly excluded, being irrelevant.

[Ed. Note.—For other cases, see Weapons, Cent. Dig. §§ 27, 28.]

2. WEAPONS &⟳11(1) — CONCEALED WEAPONS —POLICE OFFICERS.

Acts 1909, p. 258, as to carrying pistols, section 2 of which excepts from the act certain police and safety officers, does not authorize a police officer to carry a concealed pistol, so that evidence that one under prosecution for carrying a concealed pistol was a police officer is inadmissible.

[Ed. Note.—For other cases, see Weapons, Cent. Dig. § 10.]

3. WEAPONS &⟳17(3) — CONCEALED PISTOL —' EVIDENCE—ADMISSIBILITY.

Since Acts 1909, p. 258, § 4, renders admissible in prosecution for carrying concealed pistol, evidence that accused reasonably apprehended danger at the time and place when he was carrying pistol, such evidence must be limited to such time and place, and evidence that he apprehended danger at a different place was inadmissible.

[Ed. Note.—For other cases, see Weapons, Cent. Dig. § 10.]

4. WITNESSES &⟳337(1)—IMPEACHMENT.

The accused in a prosecution for carrying concealed weapon by testifying as a witness in his own behalf subjects himself to impeachment as such.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1129.]

5. WITNESSES &⟳338—IMPEACHMENT.

Evidence of general bad character is admissible to impeach a witness, and impeaching evidence cannot be limited to the question of truth and veracity.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1114, 1115, 1118.]

6. CRIMINAL LAW &⟳815(1)—INSTRUCTIONS— IGNORING ISSUES.

In prosecution for carrying concealed weapons, which is a continuing offense, a charge that defendant was not being tried for an offense committed on a street car, the state having elected to prosecute for an offense committed on the street, as properly refused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1986.]

---

&⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

7. CRIMINAL LAW ⊜~814(1)—INSTRUCTIONS—APPLICABILITY TO ISSUES.

In prosecution for carrying concealed pistol, where the complaint alternatively alleged carrying the pistol on a street car, on the street, and about premises not the defendant's own, where the state elected to prove on the street count, a charge that if the jury believed the evidence it could not convict defendant of carrying a pistol on premises not his own was properly refused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1979, 1980.]

8. WEAPONS ⊜~17(6)—CONCEALED WEAPONS—INSTRUCTIONS.

In a prosecution for carrying a concealed pistol, a charge that if under the facts and circumstances in evidence the jury believes the defendant reasonably thought he had reason to apprehend an attack this would go in mitigation or extenuation of the offense, and that "as explained to you this must be based on some past fact or transaction as if he had been attacked or threatened with an attack and honestly believed his life was in danger," was proper; the remarks being explanation, and not qualification.

[Ed. Note.—For other cases, see Weapons, Cent. Dig. § 31.]

Appeal from Criminal Court, Jefferson County; H. P. Heflin, Judge.

Charlie Johnson was convicted of carrying a concealed pistol, and he appeals. Affirmed.

The facts sufficiently appear. The following are the charges refused to defendant:

(4) "I charge you that defendant was not being tried for an offense committed on the street car, the state having elected to prosecute for an offense committed on a public street in the town of Brighton, or near said town."

(6) "If you believe the evidence you cannot convict defendant of carrying a pistol on premises not his own, or under his control."

The court gave charge 3 as follows:

"I charge you that if under the facts and circumstances in evidence in this case you believe the defendant reasonably thought he had reason to apprehend an attack, this would go in mitigation or extenuation of the offense"

—and made the following explanation:

"As explained to you, gentlemen, this must be based on some past fact or transaction, as if he had been attacked or threatened with an attack and honestly believed his life was in danger."

F. D. McArthur, of Birmingham, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. [1] The defendant was convicted of carrying a concealed pistol about his person. The complaint was in the form prescribed by law (Acts 1909, § 5, p. 259), and was not subject to the demurrers interposed. The court committed no error in overruling the demurrers to the complaint. On the trial of this case several exceptions were reserved to the ruling of the court in refusing to permit the defendant to show that at the time he was arrested he had $40 or $50 in his possession. This testimony was not relevant, had no bearing upon the issues involved, and threw no light on the controversy; hence the court committed no error in its rulings in this connection.

[2] The state had elected by the introduction of its witness George Howton to proceed upon the charge that the defendant carried the pistol concealed about his person. This being true, the court did not err in not allowing proof to be made that the defendant was a police officer of the town of Brighton, as the law does not exempt police officers from prosecution for carrying concealed weapons. Reach v. State, 94 Ala. 113, 11 South. 414; Acts 1909, p. 258. Under the law regulating the right to carry a pistol in this state (Acts 1909, p. 258), the several officers enumerated as being exempt from the provisions of section 2 of said act are not authorized to carry a pistol concealed about their person, said section 2 merely providing that this section shall not apply to the several officers enumerated therein while in the discharge of their lawful duties as such. Said section prohibits a person from carrying a pistol about his person (openly) on premises not his own or under his control. If the enumerated officers of the law deem it necessary to carry a pistol, it must be carried openly. As has been well said by the lamented McClellan, J., in Reach v. State, 94 Ala. 113, 11 South. 414:

"An officer of the law incurs no adverse criticism by bearing arms openly. On the contrary, it is expected that he should be armed, and he does not suffer in public estimation by reason of being so, whenever in his judgment it is necessary." Reach v. State, supra.

It might be properly added that if a pistol is prescribed as a part of the equipment of an officer of the law in the discharge of his duties, no more criticism should follow his action in properly equipping himself than should be given to such officers, noncommissioned officers, or enlisted men of the army who wear side arms (pistol) as a part of their equipment under the laws of this country.

[3] Section 4 of the act under which this defendant was charged provides that a defendant may give in evidence that at the time of carrying the pistol he had a good reason to apprehend an attack, which the jury may consider in mitigation of the fine or justification of the offense. The benefit of this provision must be limited to the time and place of carrying the pistol. The evidence in this case seems to be without conflict that the defendant left a certain park, and walked some distance to a street car line, and boarded the car at Wilkes Station, and rode on the front end of the car to Brighton Station; that after leaving the car, he walked some distance, and until he was arrested by the officers and the pistol was found upon his person. While it appears that there was some conflict in the evidence as to whether the pistol was concealed at the time of the arrest, the defendant having testified that it was not concealed, the act of carrying a pistol has been held to be continuous in its nature; and the evidence seems

to be without conflict—in fact, it was admitted by the defendant—that the pistol was concealed while he was on the car a short time prior to his arrest by the officers. There was no effort made to show, nor evidence offered to the effect, that the defendant had a good reason to apprehend an attack while riding upon the street car, as testified to by the defendant himself, nor while he was walking along the public streets of Brighton at the time of his arrest. This, therefore, being the time and place of the alleged offense as shown by the evidence, any evidence as to the character of the place, and its surroundings, known as Forrest Park, which was shown by the evidence to be at least 1½ miles away, was irrelevant, illegal, and immaterial; and the court did not err in sustaining the objections to defendant's questions seeking to show these facts. Chatteaux v. State, 52 Ala. 388. Pretermitting the question as to whether or not, if, after admitting all the conditions to exist at Forrest Park as insisted by defendant, the defendant had a right to offer this as a good reason to apprehend an attack, which we do not at all concede, the undisputed facts in this case could afford no justification or palliation for carrying the weapon concealed at a different place, at which time there was no contention that the defendant had a good reason to apprehend an attack. Bell v. State, 100 Ala. 78, 14 South. 763.

[4, 5] The defendant testified as a witness in his own behalf, and thereby subjected himself to impeachment as such. Buchanan v. State, 109 Ala. 7, 19 South. 410; Dolan v. State, 81 Ala. 11, 1 South. 707. Evidence of general bad character is admissible to impeach; it may not be limited to the question of truth and veracity; it may be extended to that, but not limited to it. The court, therefore, committed no error in its rulings on the testimony of witnesses Knight and McDuff, who testified to the general bad character of the defendant, and also to his bad character for truth and veracity. The court also instructed the jury that the bad reputation of the defendant, if proven, could only affect his testimony as a witness; that it was limited to his reputation for truth and veracity. Byers v. State, 105 Ala. 31, 16 South. 716; Ward v. State, 28 Ala. 53; Holland v. Barnes, 53 Ala. 83, 25 Am. Rep. 595; Motes v. Bates, 80 Ala. 382; Rhea v. State, 100 Ala. 119, 14 South. 853.

[6] Charge 4 was properly refused; the offense complained of being continuous in its nature. This being true, any legal evidence calculated to throw light upon the unlawful act as charged is properly submitted to the jury for its consideration, and the giving of this charge would have taken away from the jury evidence which was legally before them. The latter concealment will be presumed to be but a continuation of the former conceal-

ment, in fact one and the same; and the state should not be put to an election of the particular moment of the offense for which it will proceed. Etress v. State, 88 Ala. 191, 7 South. 49; Smith v. State, 79 Ala. 259; Ladd v. State, 92 Ala. 58, 9 South. 401.

[7] The court properly refused charge 6, which embodied the same question raised by the demurrers to the complaint; that is, the alternative averment charging separate offenses. State v. Nix, 165 Ala. 126, 51 South. 754; Fitzpatrick v. State, 169 Ala. 1, 53 South. 1021.

[8] There is no merit in the exception to that part of the court's oral charge given in explanation of charge 3. The remarks of the court could not be taken as a qualification of said charge, but as an explanation thereof. Acts 1909, p. 258, § 4.

We find no error in the record, and the judgment of the lower court is affirmed.

Affirmed.