(79 South. 397)

LITTLE v. STATE.    (6 Div. 485.)

(Court of Appeals of Alabama.    May 28, 1918. Rehearing Denied June 11, 1918.)

1. WEAPONS ⊂⊃10—CARRYING UNCONCEALED PISTOL—STATUTE.

Acts 1909, p. 258, § 2, declaring it unlawful for any person to carry a pistol about his person on premises not his own or under his control, with a proviso in favor of specific officers, applies only to a pistol not concealed.

2. WEAPONS ⊂⊃13 — CARRYING CONCEALED PISTOL—APPREHENDED ATTACK.

The apprehended attack within Acts 1909, p. 258, § 4, authorizing the showing in mitigation or justification of carrying a concealed pistol, of good reason to apprehend an attack, must be from a specific source or person, and does not relate to ordinary perils incident to discharge of one's duty.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Carroll Little was convicted of carrying a concealed pistol, and appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant. F. Loyd Tate, Atty. Gen., for the State.

BROWN, P. J. Some of the questions presented in this case were considered by this court in the case of Reese v. State, ante, p. 430, 78 South. 460, and in Johnson v. State, ante, p. 72, 75 South. 278, and what was there said will not here be reiterated.

[1] The undisputed evidence shows that the defendant carried a pistol concealed about his person, hence the provisions of section 2 of the act approved August 26, 1909 (Acts 1909, p. 258) are not applicable to this case. Under the provisions of section 4 of this act, however, the defendant had the right to adduce evidence showing that at the time of the carrying of the pistol, he had good reason to apprehend an attack, and the jury were authorized to consider such evidence, "in mitigation of the fine or justification of the offense." Maxwell v. State, 143 Ala. 57, 39 South. 382; Davenport v. State, 85 Ala. 336, 5 South. 152.

1 111 S. W. 688.

[2] There was a like exception in section 6421 of the Code of 1907, which was held to have no reference to the ordinary peril incurred by officers of the law in the discharge of their official duties, and while this construction of the statute seems to have been influenced by the consideration that an officer of the law who carries arms openly in the discharge of his official duties is not the subject of public ridicule and condemnation—a consideration not now applicable to the carrying of a pistol by an officer not named in the exception embodied in section 2 of the act—the legislative intent is manifest to place a greater restriction on the right to carry the particular class of firearms which has been the instrument of so much useless bloodshed, and as far as possible to suppress the evil practice of carrying such arms by specifically enumerating the officers entitled to the benefit of the exception contained in section 2 of the act. The legislative intent is further manifested to exclude all others, and what was said by the Supreme Court in Reach's Case is applicable to the exception embodied in section 4 of the act:

"This exception was ingrafted upon it out of regard for and in recognition of a general public prejudice against and condemnation of the practice of private citizens going dangerously armed in connection with the right to prepare for self-defense and was intended to conserve this right and at the same time save the citizen whose life was in danger from incurring public ridicule and condemnation by allowing him to carry weapons concealed and thus be ready to defend himself without offending public sentiment." Reach's Case, 94 Ala. 113, 11 South. 414; Shorter v. State, 63 Ala. 129; Stroud v. State, 55 Ala. 77.

The attack apprehended and threatened within the purview of the statute must be from a specific source or person. The proffered evidence, to which objection was sustained, was not sufficient to bring the case within this exception.

The ordinary perils incident to the discharge of one's duty, whether he be an officer or a private citizen, cannot be included within this exception without destroying the beneficent purpose of the statute. There is a class of arms not interdicted, and although more burdensome to carry are as effective to the end of guarding against such perils as the pistol, and it is the duty of the citizen, under such circumstances, if he anticipates trouble from such source, to select for defensive purposes arms not prohibited by law to be carried.

We find no error in the record.

Affirmed.