(88 South. 180)

KELLY v. STATE. (4 Div. 645.)

(Court of Appeals of Alabama. June 29, 1920. Rehearing Denied Nov. 9, 1920.)

1. WITNESSES ☞274(2)—CROSS-EXAMINATION AS TO WHETHER WITNESSES AS TO REPUTATION HAD HEARD ABOUT CERTAIN ACTS OF DEFENDANT HELD PROPER.

In a homicide case, court properly permitted state on cross-examination of character witnesses to ask whether they had not heard about defendant's shooting A., or about his knocking D. in the head with a shotgun, or his cutting J. with a knife, or running into W. with a razor, or about his interfering with Mr. T. when he was about to arrest defendant's sister, for the purpose of testing the witnesses in their opinions as to what constituted good character.

2. CRIMINAL LAW ☞448(5)—WITNESSES ☞287(1)—OBJECTION TO REDIRECT EXAMINATION OF CHARACTER WITNESSES FOR DEFENDANT HELD PROPERLY SUSTAINED.

In a homicide case where state had on cross-examination asked character witness if he had heard of certain criminal acts of defendant, court did not err in sustaining an objection to a question asked upon redirect examination, "If those things had happened you would have heard about them, wouldn't you?" the question addressed to the witness by the state's counsel being as to whether there was talk in the community in connection with the defendant as affecting his general standing or reputation, and defendant's question also called for the conclusion of the witness.

3. HOMICIDE ☞300(12)—CHARGE AS TO SELF-DEFENSE HELD PROPERLY REFUSED AS OMITTING TIME AND PLACE.

In a homicide case, the court properly refused as omitting the time and place defendant's requested charge, "If a man has been

threatened by another, and he honestly believes, and there are reasonable grounds for him to believe, that the deceased intended to take his life or to inflict upon him great bodily harm, then such a person would have the right to be armed for self-protection, provided his purpose was merely to defend himself from an assault, or an attack by such person so threatening him."

On Rehearing.

4. CRIMINAL LAW ☞369(3)—NOT PERMISSIBLE TO PROVE OTHER CRIMES THAN THAT CHARGED.

In prosecution for homicide where accused placed witnesses on the stand who testified to the good character of accused, although state's counsel on cross-examination could ask such witnesses as to whether they had heard of certain criminal acts of the accused to test the witnesses as to what they considered good character, the state could not show by independent witnesses that the defendant had been guilty of the crimes inquired about.

5. CRIMINAL LAW ☞722½—COUNSEL COULD ARGUE THAT THERE WAS NO EVIDENCE THAT ACCUSED WAS GUILTY OF CRIMES INQUIRED ABOUT OF CHARACTER WITNESSES.

In a homicide case where state's counsel had cross-examined character witnesses as to whether witnesses had heard about criminal acts of defendant to test witnesses as to what they considered good character, court erred in not permitting defendant's counsel to argue as to the meaning of such cross-examination; it being legitimate to refer to the fact that, although state's counsel had asked questions relative to defendant's connection with several offenses, there was no evidence that he was guilty, and that guilt of defendant was "intimated by the state," and that, while all of the defendant's witnesses were interrogated regarding the same crimes, none of them had ever heard of such crimes until the day of the trial around the courthouse.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Soloman Kelly was convicted of manslaughter, and appeals. Reversed and remanded.

The following is charge 1 refused to the defendant:

(1) I charge you, gentlemen of the jury, that if a man has been threatened by another, and he honestly believes, and there are reasonable grounds for him to believe, that the deceased intended to take his life or to inflict upon him great bodily harm, then such a person would have the right to be armed for self-protection, provided his purpose was merely to defend himself from an assault, or an attack by such person so threatening him.

McDowell & McDowell, of Eufaula, for appellant.

Counsel discuss the exceptions to testimony, the ruling of the court on the oral ar-

gument, and the refused charge, but cite no authority in support thereof.

J. Q. Smith, Atty. Gen., for the State.
No brief came to the Reporter.

SAMFORD, J. Although the record is voluminous, containing, as it does, 125 pages, there are but 4 rulings of the court insisted upon as error by the appellant.

[1] There were numerous witnesses offered by the defendant, who testified to his good character, and, on cross-examination by counsel for the state, these witnesses testified that they had not heard about his shooting Alto Baxter; or about his knocking Den McLain in the head with a shotgun; nor his cutting John Dillara with a knife; or running into Willie Shipman with a razor; or about his interfering with Mr. Teal when he was about to arrest his (defendant's) sister. This line of examination has been approved by the courts for the purpose of testing the witness in his opinion as to what constitutes good character. Andrews v. State, 159 Ala. 17, 48 South. 858; Vaughan v. State, 201 Ala. 472, 78 South. 378; Stout v. State, 15 Ala. App. 206, 72 South. 762.

[2] Upon redirect examination of each of these witnesses, defendant's counsel asked this question: "If these things had happened you would have heard about them, wouldn't you?" It was not a question of proper inquiry as to whether these things had happened or not; the question addressed to the witnesses by the state's counsel was as to whether there was such talk in the community in connection with the defendant, as affecting his general standing or reputation. Furthermore, the question by defendant's counsel called for the conclusion of the witness.

[3] Charge 1 is bad in that it omits the time and place. Johnson v. State, 16 Ala. App. 72, 75 South. 278.

There is no error in the record, and the judgment is affirmed.

Affirmed.

## On Rehearing.

In support of the application for rehearing, our attention is directed to the action of the court in refusing to allow defendant's counsel, in argument, to make a certain statement to the jury with reference to the evidence.

[4] The defendant had introduced several witnesses, who had testified to the good character of defendant, and on cross-examination of these witnesses the state's counsel had asked if they had heard that defendant was charged with several crimes, of a more or less serious nature, which if true would have affected the character of defendant.

When these questions are asked, in good faith, they are permissible, to test the witness as to what he considers good character. Nothing appearing to show to the court that the questions were not asked in good faith, the court properly overruled the defendant's objections. In each case the witness answered that he had not, until the day of the trial, around the courthouse, heard of the incidents inquired about and embraced in the questions propounded by counsel for the state. The state did not offer to prove, by independent witnesses, nor would it have been proper to do so, that the defendant had been guilty of the crimes inquired about.

[5] In the course of his argument defendant's counsel referred to the fact that, although the state's counsel had asked certain questions of various witnesses relative to defendant's having been connected with several offenses, within the past few years, there was no evidence to show that he was guilty, or that the offenses were committed by the defendant. This was a part of the law of the case and could properly have been embraced in the judge's charge to the jury and, being a part of the law of the case, was legitimate argument. That counsel also added that the guilt of defendant was "intimated by the state" was a proper deduction to be drawn from the fact that, while all of the defendant's witnesses were interrogated regarding the same crimes, none of them had ever heard of the crimes in connection with the defendant, until the day of the trial, around the courthouse.

The method of cross-examination allowed in the examination of character witnesses places in the hands of trial lawyers and courts a grave responsibility: Perfect good faith on the part of counsel propounding the question, the right of full and free explanation in argument by counsel for both sides, and a clear and emphatic charge of the court to the jury, confining the evidence thus obtained to the purposes, for which such interrogatories and answers are legally permissible. To inquire, if a witness has not heard that the defendant was guilty of a certain criminal offense, is calculated to carry with it the imputation of guilt, to his great prejudice, unless the court is careful to make clear to the jury the purpose of the question, and certainly defendant's counsel, while making his argument, should be allowed to aid in impressing the jury as to the import and meaning of the examination touching character, so long as he confines himself to statements of law applicable to the case.

The application for rehearing is granted. The judgment of affirmance is set aside, and the judgment is reversed and the cause is remanded.

Reversed and remanded.