# Sweatt *v.* The State.

## *Assault With Intent to Murder.*

(Decided June 30, 1908.   47 South. 194. )

1. *Witnesses; Impeachment; Defendant as Witness; Character.*— Where defendant offered himself as a witness, his general character may be shown for the purpose of affecting his credibility; but the fact that he is a violent and turbulent man, cannot be shown until he puts in issue his character for peace and quiet.

2. *Same; Scope of Evidence.*—An inquiry to impeach a witness' general charactetr may be extended to his general moral character, but immoral conduct in any one particular cannot be shown, whatever its bearing may be on a question of general character.

3. *Evidence; Attempted Escape.*—The weight of evidence being for the jury it is competent to show that the sheriff's office force searched for the defendant several weeks before being able to find and arrest him.

4. *Same; Instructions to Disregard.*—The remedy is by the objection to the introduction of evidence, and hence a charge to the jury to disregard improper evidence, is properly refused.

5. *Charge of Court; Argumentative Instructions.*—A charge is argumentative which asserts that one accused of an assault with intent to murder commits no crime by merely carrying a pistol in his hand along the road, or to a field, or the premises of the person assaulted.

6. *Homicide; Assault with Intent to Murder.*—If one fired a pistol at another accidentally, or if it was fired by another hitting it with a hoe, or if there is a reasonable doubt whether it was fired in either way, the person firing it is not guilty of assault with intent to murder.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Jack Sweat was convicted of assault with intent to murder, and he appeals.   Reversed and remanded.

The facts are sufficiently stated in the opinion of the court, as are the objections and exceptions to the evidence.   The following charges were refused to the defendant:   "(A) The court charges the jury that the bad character of the defendant for being rowdy and drinking cannot be looked to by the jury as detracting from

his credibility as a witness. (B) The court charges the jury that the defendant committed no crime by merely carrying the pistol in his hand along the road, or to the field, or to the Dean premises. (C) If the pistol was fired either accidentally by the defendant, or by Dean hitting it with a hoe, then there can be no conviction of defendant; and if there is a reasonable doubt whether it was fired in either of these ways you must find the defendant not guilty."

STREET & ISBELL, for appellant. The court erred in admitting testimony as to the character of defendant for violence and turbulence. No such issue was presented.—*Dolan v. The State*, 81 Ala. 11; 5 A. & E. Ency of Law, 857. Particular instances of bad conduct are not admissible proof of general character, however much they may bear on the question.—*Bir. Ry. Co. v. Hale*, 90 Ala. 11; *Clark v. The State*, 78 Ala. 474; *McQueen v. The State*, 108 Ala. 54; *Moulton v. The State*, 88 Ala. 118; *Smith v. The State*, 142 Ala. 26. The court erred in admitting proof that the defendant was looked for several weeks before he was found and arrested.— *McNunn v. The State*, 113 Ala. 86.

ALEXANDER M. GARBER, Attorney-General, for the State. The court did not err as to the proof of character in the admission of evidence.—*Rhea v. The State*, 100 Ala. 119. The fact that the arresting officer looked for the defendant and failed to find him for several weeks was competent.—*Bell v. The State*, 115 Ala. 25. Charge A was properly refused.—*Harbour v. The State* 140 Ala. 103. Charge B was argumentative. Charge C was properly refused.—*Fitzgerald v. The State*, 112 Ala. 34.

HARALSON, J.— The defendant was convicted of an assault with intent to murder Henry Dean.

The evidence was in conflict as to who provoked or brought on the difficulty. That for the state tended to show that defendant deliberately provoked the difficulty, and fired a pistol at Dean with the intention of murdering him. Defendant's evidence tended to show that Dean, without provocation, assaulted him with a hoe, and that the pistol was fired either by Dean hitting it with a hoe, or involuntarily, by defendant, in attempting to ward off Dean's blow.

After the state had introduced its evidence, the defendant was examined as a witness in his own behalf. No question as to the character of defendant was introduced by the state. After defendant closed his evidence, the state, in rebuttal, introduced one Gibson. He testified that he knew the defendant, and was asked by the state whether his general character was good or bad. No objection was interposed to the question. He replied that "his general character was bad for bein rough and rowdy and drinking." To this last-quoted statement defendant objected, and moved to exclude it, because illegal, irrelevant, and immaterial, and his character for peace and quiet had not been put in issue," which objection was overruled. The object of the question was to inpeach the credibility of the witness. His character for peace and quiet had not been put in issue.

It was permissible to introduce evidence of the general character of the defendant, and this, as stated, was not objected to; but as stated in *Dolan v. State*, 81 Ala. 12, 19, 11 South. 707, "only so much of his moral character as reflected on his credibility as a witness was open to assault by the state in the first instance.— *Clarke v. State*, 78 Ala. 474, 56 Am. Rep. 45. A char-

acter for violence or turbulence sheds no light on the credibility of a witness; and such testimony was not admissible, unless the defendant had first put his character for peace in issue."

The inquiry is not limited, in proving general character to character for truth and veracity, but may extend to the witness' general moral character, and as was said in *Birmingham U. R. Co. v. Hale*, 90 Ala. 11, 8 South. 142, 143, 24 Am. St. Rep. 748, "Notwithstanding such extension of the rule, immoral conduct in any one particular, however it may bear on the question of general character, cannot be put in evidence for this purpose." —*McQueen v. State*, 108 Ala. 54, 18 South. 843; *Moulton v. State*, 88 Ala. 116, 6 South. 758, 6 L. R. A. 301; 5 Am. & Eng. Ency. Law, 857, 859. The evidence should have been excluded.

Gibson, the deputy sheriff who arrested defendant, testified that he was looking for him for three or four weeks before he found him. All evasions or attempts at evasions of justice are circumstances from which guilt may be inferred and their weight it is proper for the jury to determine.—*Bowles v. State*, 58 Ala. 335; *Bell v. State*, 115 Ala. 27, 22 South. 526.

It was not improper to refuse charge A. A charge is not the proper way of objecting to such evidence. The objection should have been made to the introduction of the evidence, and not by a charge for the jury to disregard the same.—*Harbour v. State*, 140 Ala. 108, 37 South. 330.

Charge B was argumentative, and counsel for defendant admits the fact. It was properly refused.

Charge C was improperly refused. On either of the conditions hypothesized, of which there was evidence

[Martin v. The State.]

tending to show, the defendant had the right to the instruction that defendant would not be guilty.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.