# Cox v. The State.

## Defamation.

(Decided June 30, 1909. 50 South. 398.)

1. *Witnesses; Cross Examination; Scope.*—On cross examination a witness may be interrogated as to matters irrelevant to the issue for the purpose of testing his memory, sincerity, etc., but the extent of such cross examination is within the sound discretion of the court, which discretion will not be reviewed unless abused.

2. *Libel and Slander; Criminal Responsibility; Evidence.*—In a trial for publishing a defamatory letter the letter taken in connection with the evidence that it was written by the defendant is admissible.

3. *Same; Malice.*—Where the charge was the publishing of a defamatory letter, parts of other letters written by the defendant at different times which were substantial repetition of the libelous matter charged were admissible to show malice.

4. *Evidence; Other Offenses.*—Evidence of the commission of another offense than the one charged is inadmissible to show defendant's guilt as a general rule, though where guilty knowledge is an element, such evidence is admissible to show the scienter.

5. *Same; Handwriting; Comparison.*—Where the charge was publishing a defamatory letter, other letters claimed to have been written by the defendant at different times each of which constituted a separate libel were not admissible for the purpose of comparison of the handwriting with that of the letter described in the indictment and admitted in evidence.

6. *Same; Character of Accused.*—Where the accused testified as a witness in his own behalf he is subject to impeachment as any

other witness and to this end, his general reputation may be shown; but where defendant does not put his general character in issue otherwise, evidence of bad character was incompetent for the purpose of showing guilt, and hence, where the charge was writing a defamatory letter, evidence of defendant's bad character for writing libelous letters, was inadmissible. (Dowdell, C. J., and Simpson, J., dissent.)

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Cris Cox was convicted of publishing a defamatory letter that had a tendency to provoke a breach of the peace, and he appeals. Reversed and remanded.

The indictment was as follows: "Cris Cox unlawfully and maliciously published of and concerning Lula Thompson, Willie Thompson, Tempy Thompson, and Dolly Thompson the following false, defamatory, and libelous matter in writing, and with the intent to defame the said Lula Thompson, Willie Thompson, Tempy Thompson, and Dolly Thompson, to wit: 'Miss Loula Thompson: I heard that you was keeping company with that red-eyed, rotten, clappy Dave Swords. Some say that Dave and his two bastard nephews is as good as the Thompsons. People say that Emiline Thompson and Dave Swords' sister was rotten with the clap. People say that all the Thompsons is got the clap (meaning that Lula Thompson, Willie Thompson, Tempy Thompon, who are sister, had the clap). They say that the Thompson gals( meaning that the said Lula, Willie, Tempy, and Dolly Thompson) caught the clap from those drummers'. Which said libelous matter had a tendency to provoke a breach of the peace—against," etc. The other letters referred to in the opinion are similar in character to the one set out in the indictment, except that they have reference to all the Thompson family, as well as some others. It is not deemed necessary to set out the charges.

JOHN A. LUSK, for appellant. The court erred in cutting off the cross examination.—2 Elliott on Evid. secs. 826 and 894; 1 Mayf. 72 and 80; 1 Greenl. 446; *Thompson v. The State*, 100 Ala. 70; *Noblin v. The State* 100 Ala. 13. The letters were improper for the purpose of comparison.—*Washington v The State*, 143 Ala. 62; *Campbell v. Bates*, 143 Ala. 238; *Griffin v. Working Woman's Assn.*, 151 Ala. 602. It was improper to show defendant's bad character for writing libelous letters.—*Sweatt v. The State*, 47 South. 194.

ALEXANDER M. GARBER, Attorney-General, for the State. The cross examination was in the discretion of the trial court, and that here attempted was irrelevant. —*Shirley v. The State*, 40 South. 271. The evidence of the handwriting of the defendant was sufficient.— *Carr v The State*, 106 Ala. 1. Charges 5 and 6 were properly refused.—*Crawford v. The State*. Charge 2 was properly refused.—*Lodge v. The State*, 122 Ala. 107. Counsel discuss other assignments of error, but without citation of authority.

DOWDELL, C. J.—A wider latitude is allowable on the cross, than upon the direct, examination of a witness. It is permissible upon a cross-examination, for the purpose of testing the memory, sincerity, etc., of the witness, to interrogate him as to matters wholly irrelevant to the issue in the case. The latitude and extent of such cross-examination, however, is a matter that must, of necessity, rest largely, if not exclusively, within the sound discretion of the trial court, and, so long as that discretion is not abused, the action of the trial court will not be revised on appeal. The refusal of the trial court to permit an extended cross-examination as to irrelevant matters, for the purpose of testing

[Cox v. The State.]

the witness along the lines suggested, cannot be said to be an abuse of discretion, nor denial of the right of cross-examination, and hence can furnish no just ground of complaint on appeal, to a reversal of the cause. It is within the discretion of the trial court, likewise, ex mero motu, to arrest such a cross-examination whenever in its sound judgment it seems proper to do so. We fail to see that the trial court committed any error, or that there was any abuse of sound discretion, in the rulings upon the cross-examination, by the defendant, of the state's witness, Malam Bishop.

The letter constituting the alleged libel, and described in the indictment, was admissible in evidence in connection with evidence tending to show that it was written by the defendant. While an exception was reserved, to the admission of this evidence on the trial, counsel in brief for appellant concedes that there was no error in this ruling and that the letter was properly admitted.

The court erred in admitting in evidence, against the objection of the defendant, the letters designated in the bill of exceptions as Nos. 2, 3, 4, 5, 6, and 7. Each one of these letters constituted a separate and distinct libel, and each another and different offense from the one charged in the indictment, and for each of which the defendant was indictable if he was the author thereof. So far as the record shows, they were not signed, and were written at different times. In one of them, at least, no reference whatever is made to the persons named in the indictment. As a rule, evidence of the commission of another and different offense than the one charged is irrelevant and inadmissible to show the guilt of the defendant.—Jones on Evidence, § 243 et seq.; Mayfield's Dig. vol. 1, p. 333, § 431 et seq. Of course, there are exceptions to this rule, as, for instance, where guilty knowledge is an element, and the evidence is offered to show the scienter.

. Nor were the letters competent for the purposes of a comparison of the handwriting of these letters with that of the one described in the indictment and which had been admitted in evidence.—*Washington v. State,* 143 Ala. 62, 39 South. 388; *Griffin v. Working Woman's Ass'n.,* 151 Ala. 597, 44 South. 605.

The defendant, having testified as a witness in his own behalf, was subject to impeachment as any other witness would be, and to this end was subject to impeachment on his general reputation; but, not having otherwise put his general character in issue, it was not competent for the state to offer evidence of general bad · character, for the purpose of showing guilt. Evidence of his general bad character was only competent as affecting his credibility as a witness. The court therefore erred in admitting evidence that the defendant's character was bad for writing libelous letters. This evidence should have been excluded on the defendant's motion. —*Sweat v. State,* 156 Ala. 851, 47 South. 194.

Charges refused to the defendant, numbered from 1 to 6, inclusive, were properly refused. The vice of each of said charges is apparent on its face, and calls for no special comment to show its fault. · Indeed, counsel for appellant, in argument and brief, does not contend that there was any error in refusing said charges.

Justice SIMPSON concurs in the foregoing views of the writer. Justices ANDERSON, DENSON, MAYFIELD, and SAYRE concur, except as to what is said in regard to the admission in evidence of the letters designated as Nos. 2, 3, 4, 5, 6, and 7. They are of the opinion, and hold, that those parts of these letters which were substantial repetitions of the libelous matter charged were admissible in evidence on the theory of showing malice, and cite in support of their holding *Scott v. McKinnish,* 15 Ala. 622, *Ware v. Cartledge,* 24 Ala. 622, 60 Am.

[Butler v. The State.]

Dec. 489, *Willie Butler v. State, infra,* and cases cited there, and 1 wharton on Ev. (2d Ed.) § 32.

For the error pointed out in the admission of the evidence as to the defendant's character's being bad for writing letters, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, J., concurs. ANDERSON, DENSON, MAYFIELD, and SAYRE, JJ., think the letters admissible, but concur in reversal.