# Forman v. The State.

## Murder.

(Decided December 17, 1914.   67 South. 583.)

1. *Evidence; Character; Defendant's Character.*—At the common law the general character of a defendant was, not subject to attack until his character was put in issue by himself.

2. *Witnesses; Impeachment; Character.*—Under the statute permitting a defendant to be a witness in his own behalf, the general character of defendant becomes admissible, but only for the purpose of affecting his credibility as a witness, unless defendant puts his character in issue.

3. *Same.*—Where defendant testified as a witness for himself, claiming self-defense, but did not put his general character in issue, it was error to permit the state to show that prior to the homicide defendant was a man whose general character for peace and quiet was bad; although for the purpose of impeaching the state could show that prior to the homicide his general character was bad.

4. *Appeal and Error; Harmless Error; Evidence.*—Where self-defense was claimed in a homicide case, the admission of evidence that defendant's general character for peace and quiet was bad, was prejudicial error; the defendant not having put his character in issue.

5. *Witnesses; Impeachment.*—The general character of defendant on the day of the commission of the offense being immaterial, evidence of such character must be limited to a time prior to the commission of the crime charged.

6. *Trial; Argument of Counsel.*—No unfavorable inference can be drawn and no unfavorable argument of counsel can be made because of the absence of the testimony of a witness equally accessible to both parties.

7. *Homicide; Self-Defense.*—A charge that if the jurors cannot say beyond a reasonable doubt whether defendant acted on a reasonable belief that it was necessary to take the life of deceased to save himself from great bodily harm or death, and that he shot before such impending necessity arose, defendant could be acquitted, omitted to hypothesize defendant's freedom from fault in bringing on the difficulty, and was therefore, erroneous.

8. *Same.*—The right to interfere to the extent of taking life when necessary for the protection of others, includes such persons as master and servant, parent and child, guardian and ward, uncle and nephew.

9. *Charge of Court; Abstract.*—Abstract instructions may be refused without error.

10. *Same; Impeachment of Witness.*—There are no degrees to the several methods of impeaching a witness, and hence, a charge based upon the highest form of impeachment is properly refused.

[Forman v. The State.]

11. *Trial; Argument of Counsel.*—In a homicide case counsel was improperly permitted to state that there was no evidence reflecting upon the character of deceased.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Beauregard, alias Bory Forman was convicted of murder in the first degree, and he appeals. Reversed and remanded.

The evidence for the state tended to show a conspiracy between this defendant and his codefendant to take the life of Carney Compton, and the killing of said Compton pursuant to this conspiracy by the defendant G. B. Forman. The evidence for defendant tended to show that Grady Forman and Carney Compton engaged in a difficulty in which Grady Forman was free from fault, and that during this difficulty Compton was about to take the life of Grady Forman, or do him great bodily harm, and that this appellant, for the purpose of protecting Grady Forman, engaged in the difficulty, and, after becoming so engaged, in self-defense fired the shots which caused the death of deceased. After defendant had taken the stand in his own behalf, but had not put at issue his character, otherwise than as a witness, Kay Simmons was introduced, and asked by the solicitor the following question: "Do you know whether Mr. Forman bears a reputation and character there of a violent, dangerous, troublesome, bloodthirsty man, or a peaceful, quiet, law-abiding citizen; which reputation does he bear?" Over objections, the witness answered: "Bad; dangerous." The court overruled the motion to exclude the answer.

The following charges were refused defendant: (7) That if, after looking at all the evidence in the case, your minds are left in such a state of uncertainty that you cannot say beyond a reasonable doubt whether this

defendant acted upon a well-founded and reasonable belief that it was necessary to take the life of deceased to save himself from great bodily harm or death, or that he shot before such impending necessity arose, then this is such a doubt as will entitle this defendant to an acquittal, and you should so find.

(F) The court charges the jury that, if you believe from the evidence that Grady Forman accosted Carney Compton and told him that, if he would apologize to his Uncle Bory, he thought he could get a warrant which had been issued dismissed, and Carney Compton entered into a struggle or fight with Grady, and Grady was free from fault in bringing on this scuffle or fight, and during this scuffle or fight Compton got hold of Grady's pistol, and Grady thereby became endangered of his life or serious bodily harm, and defendant was the uncle of Grady, then I charge you that, under the law, defendant had the right to interfere in said difficulty between Grady and Compton.

(Y) If the jury believe that Grady Forman became involved in a difficulty with Carney Compton, and was free from fault in bringing on this difficulty, and did not have an opportunity to retreat without increasing his peril, and was in danger then impending of serious bodily harm, then I charge you that Bory Forman had the right to take part in said difficulty in aid of his nephew, and perform the same acts and defense of Grady Forman as he himself could perform.

(X) If the jury believe that defendant, at the time he is said to have killed Carney Compton, was so much under the influence of whiskey that he was incapable of forming a purpose to do a voluntary act, then he cannot be convicted of any offense higher than manslaughter in the second degree.

[Forman v. The State.]

(W) If you believe that any witness in the trial of this case willfully swore differently from what you believed he swore in reference to the same matter on the preliminary trial in this case, and about a material matter, then I charge you that this may be considered by you as the highest form of impeachment, and you could disregard and reject his or her entire testimony.

(C) It is not necessary under the evidence in this case that defendant should have been actually in danger of death or great bodily harm at the time he killed deceased in order for him to have been justified in shooting deceased. He had a right to act upon the appearance of things at the time, taken in connection with the light of all the evidence, and he had the right to interpret the conduct of deceased in the light of any threats that the evidence showed that deceased had made against defendant. If the circumstances attending the killing were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and he honestly believed such to be the case, then he had the right to shoot deceased in his own defense, although, as a matter of fact, he was not in actual danger; and, if the jury believe that defendant acted under such conditions and circumstances as above set out, the jury should find defendant not guilty.

PERCY, BENNERS & BURR, for appellant.

R. C. BRICKELL, Attorney General, and T. H. SEAY, assistant Attorney General, for the State.

The opinion in this case was prepared for the court by DE GRAFFENRIED, J.

The defendant in this case was indicted for, and convicted of, murder in the first degree.

(1, 2) At common law, a defendant's general character was not subject to attack by the state until he himself had put his character at issue. Since the adoption of the statute which permits a defendant in a criminal case to take the stand as a witness and testify as such in his case, this court has held that, for the purpose of impeaching his testimony, the state may introduce evidence tending to show his general bad character. A general inquiry, in such a case, into the moral character of the defendant is permissible for the purpose of affecting his credibility as a witness, and for no other purpose.—*Sweatt v. State*, 156 Ala. 85, 47 South. 194; *Dolan v. State*, 81 Ala. 11, 1 South. 707.

(3, 4) In this case the defendant testified in his own behalf as a witness, but he offered no evidence as to his general character or as to his general character for peace and quiet. This being the situation, the state had no right, against the seasonable objection of the defendant, to offer evidence tending to show that the defendant was a man whose general character for peace and quiet was bad; and in permitting the state, against the seasonable objection of the defendant, to offer this evidence to the jury, the trial court committed reversible error.—*Sweatt v. State, supra; Dolan v. State, supra.*

The state had a right, for the purpose of impeaching the defendant as a witness, to offer evidence tending to show that he was a man whose general character prior to the homicide was, in the community in which he lived, bad; but, as already stated, under the situation of the evidence in this case, it had no right to show that, prior to the homicide, the defendant's general character for peace and quiet was, in the community in which he lived, bad.

(5) 1. We deem it wise to direct attention to the fact that in all criminal cases, whenever the character of the defendant becomes the subject of evidence on the part of the state or of the defendant, the evidence as to such character must be limited to the character which the defendant bore in his community prior to the time of the commission of the offense for which he is being tried. The question in all such cases is: What was the general character of the defendant up to the time of the commission of the alleged offense? and not, what was the general character of the defendant on the day of the trial?—*Robinson v. State,* 5 Ala. App. 45, 59 South. 321.

In the instant case the trial court seems to have disregarded the above rule.

(6) 2. It is the unquestioned law of this state that no unfavorable inference can be drawn, and no unfavorable argument to a jury made, by counsel against a party to a cause because of the absence of the testimony of a witness in a cause, when that witness is accessible to both parties, and can be introduced by and examined by either party as a witness.—*Hutcherson v. State,* 165 Ala. 16, 17, 50 South. 1027, 38 Am. St. Rep. 17; *Du Bose v. Conner,* 1 Ala. App 456, 55 South. 432; *Etheridge v. State,* 124 Ala. 106, 27 South. 320; *Earle v. State,* 1 Ala. App. 183, 56 South. 32.

In this case, so the bill of exceptions recites: The "solicitor, in his closing argument to the jury, made the following argument to the jury: 'Where is Raymond Smith? How do they account for the fact that Raymond Smith did not testify in this case?' "

The defendant seasonably objected to this argument of the solicitor, but the court overruled the objection, and permitted the argument to remain with the jury.

As Raymond Smith was equally accessible to the state and the defendant, and as the state could, if it had seen proper so to do, have used the said Raymond Smith as a witness, the court committed reversible error in not sustaining the defendant's objection to said argument and in not excluding it from the jury. Authorities, supra.

(7) 3. Charge 7, requested by the defendant, is a copy of a charge which this court held to be bad under the facts shown by the bill of exceptions in *Gaston v. State*, 161 Ala. 37, 49 South. 876. Under the facts shown by the bill of exceptions in the present record the trial court was free from error in refusing said charge.

(8) 4. A critical examination of the evidence in this case convinces us that, under the evidence as it exists in the bill of exceptions, the trial court committed no error in refusing charges Y and F. We recognize the integrity of the rule which says that the right to interfere for the protection of others to the extent of taking life when necessary includes such persons as master and servant, parent and child, guardian and ward, and uncle and nephew; but, in our opinion, that rule, under the evidence in the bill of exceptions in this case, furnished no basis to the trial court for giving to the jury the above charges. The case must be again tried, and we refrain from discussing this phase of the evidence.

(9) 5. Charge X was abstract, and was properly refused.

(10) 6. There are several methods whereby a witness may be impeached. There are no degrees in these forms or methods of impeachment. One method is as effectual as the other, provided the impeaching evidence is believed by the jury. The trial court properly

refused charge W, which was requested in writing by the defendant.

7. Under the evidence set out in the present bill of exceptions the trial court was free from error in refusing charge C, requested by the defendant. A charge somewhat similar to this charge was held to be good by the Court of of Appeals in *Black v. State*, 5 Ala. App. 87, 59 South. 692, but we direct attention to the fact that this charge is not a copy of the charge which was held good as applied to the facts in *Bluitt v. State*, 161 Ala. 14, 49 South. 854.

(11) 8. During the progress of the solicitor's argument he was permitted by the trial court to comment upon the fact that no evidence had been developed on the trial tending to reflect upon the character of the deceased. This being the situation of the evidence, the trial court might well have excluded this portion of the argument of the solicitor from the jury. We make this statement in view of the fact that this case must again be tried.—*Dryman v. State*, 102 Ala. 130, 15 South. 433.

9. In the above opinion we have discussed all of the questions presented by this record which we deem of importance.

For the errors pointed out the judgment of the court below is reversed, and the cause is remanded to the court below for further proceedings in accordance with the views above expressed.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN, SAYRE, and DE GRAFFENRIED, JJ., concur.