### ADAMS v. STATE.   (7 Div. 857.)

(Court of Appeals of Alabama.   June 30, 1923.)

**1. Witnesses ⟨key⟩277(2)—Permissible to cross-examine defendant as to where he lived before moving into neighborhood of alleged offense.**

In a prosecution for violation of the prohibition law, it was permissible on cross-examination of defendant to ask where he lived before he moved into the neighborhood where the offense was alleged to have been committed.

**2. Criminal law ⟨key⟩1153(4)—Witnesses ⟨key⟩267 —Latitude on cross-examination within trial court's discretion.**

The latitude allowed on cross-examination rests largely in the discretion of the court, and, if such discretion is not abused, it will not be reviewed on appeal.

**3. Intoxicating liquors ⟨key⟩227 — Refusing to permit defendant on redirect examination to testify as to marriage not error.**

In a prosecution for violation of the prohibition law, it was not error to refuse to permit defendant on redirect examination to testify as to whom he married; such being immaterial to any issue.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

W. N. Adams was convicted of violating the prohibition law, and appeals.   Affirmed.

Isbell & Scott, of Ft. Payne, for appellant.

Counsel argue the questions raised, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

A wide latitude is allowed on cross-examination, resting within the discretion of the trial court.   Fondren v. State, 204 Ala. 451, 86 South. 71.

FOSTER, J.   The defendant was convicted in the county court of having in his possession spirituous liquors.

He appealed to the circuit court and was there convicted, fined $150, and a sentence of 90 days to hard labor as punishment was imposed by the court.

The evidence for the state tended to show that the defendant put a glass jug of whisky in a tow sack in a warehouse at Collinsville. Defendant denied any connection with the whisky and claimed that he had come to town that morning with a load of dogwood poles, and brought a tow sack containing eggs.

[1] It was permissible on cross-examination of the defendant to ask him where he lived before he moved into the neighborhood where the offense with which he was charged was alleged to have been committed.

[2] The latitude allowed on cross-examination rests largely in the discretion of the court and, if such discretion is not abused, it will not be reviewed on appeal.   Cox v. State, 162 Ala. 66, 50 South. 398; Fondren v. State, 204 Ala. 451, 86 South. 71; 12 Michie's Ala. Dig. p. 1214, § 191.

[3] It was not error to refuse to permit the defendant on redirect examination to testify that he lived on Sand Mountain near Dawson and married J. W. Loyd's daughter. It was immaterial to any issue in the case whose daughter defendant married.

We find no error in the record.   The judgment of the circuit court is affirmed.

Affirmed.