BROWN v. STATE.   (6 Div. 427.)

(Court of Appeals of Alabama.   June 10, 1924.)

1. **Indictment and information ⬉164—Accused required to answer only specific charge.**

Accused need only answer the specific charge, whether in complaint or indictment.

2. **Homicide ⬉163(1)—Admission of evidence as to accused's violent character held error.**

On trial for murder, it is prejudicial error to admit evidence of the general character of the accused as being dangerous, violent, turbulent, and bloodthirsty, where accused raised no such question.

3. **Criminal law ⬉309—No presumption as to character in absence of proof.**

In absence of proof, there is no presumption as to character being good or bad.

4. **Criminal law ⬉308—Presumption is that accused is innocent of crime charged.**

The presumption is that the accused is innocent of the crime charged, and it attends him throughout the trial, or until the state has proved his guilt beyond a reasonable doubt and to a moral certainty.

5. **Criminal law ⬉381—Accused cannot be convicted on bad character alone.**

However bad the character of the accused is, although his bad character relates to a trait involved in the nature of the charge, he cannot be convicted because of bad character only.

6. **Witnesses ⬉337(2)—Impeachment as to character of accused limited to purpose of affecting credibility unless he puts character in issue.**

If accused does not put his character in issue, impeachment must be limited to the purpose of affecting his credibility as a witness.

7. **Homicide ⬉338(4)—Admission of evidence of dangerous character of accused held reversible error.**

In a prosecution for murder, error in admitting evidence that accused was a dangerous person, and that a policeman had arrested her many times, was reversible error, which was not cured by an instruction not to consider it.

8. **Criminal law ⬉677—Not proper practice to admit improper evidence and then tell jury to disregard it.**

It is not proper practice to admit evidence patently illegal, irrelevant, inadmissible, and prejudicial, and allow it to remain until all the testimony is in, and then simply tell the jury not to consider it.

9. **Criminal law ⬉814(3), 829(1)—Refusal of abstract charge covered by oral charge not error.**

In a prosecution for murder, refusal of a charge which was abstract as applied to the facts in the case, and which was fairly and substantially covered by an oral charge, was not error.

10. **Homicide ⬉300(3)—Refusal of instruction as to self-defense held error.**

Refusal of an instruction that if accused did not bring on a quarrel, and deceased attempted to use a knife on the accused and acted in such a manner as to indicate to a reasonable woman that she intended great bodily harm, and there was no reasonable mode of escape without increasing the danger, and defendant honestly believed she was in danger of great bodily harm, then the accused was authorized to anticipate the deceased and cut, and if there was a reasonable doubt on this proposition to find the accused not guilty, was error.

11. **Criminal law ⬉789(17)—Refusal of instruction, that if jury had a reasonable doubt as to guilt to acquit, although not believing accused's witnesses, held error.**

Refusal of a charge that, if the jury had a reasonable doubt of the truth of the state's evidence, they could not convict, although they

might not believe defendant's witnesses, was error.

12. **Homicide** ⟨⟩⟩295(1)—Refusal of instruction that, if killing was result of passion aroused by blow, accused was not guilty of murder, held error.

Refusal of a charge that, if the killing was the consequence of passion suddenly aroused by a blow, the accused could not be convicted of murder in either degree, was error.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Bettie Brown was convicted of murder in the second degree, and appeals. Reversed and remanded.

These charges were refused to defendant:

"(13) I charge you that if the defendant did not provoke the difficulty, and that she was free from fault in bringing it on, and the said Verna Dent made an overt act or attempt to use a knife on the defendant, and she acted in so doing in such a manner as to indicate to a reasonable woman that her intention was to do great bodily harm to the defendant, and there was no reasonable mode of escape or retreat without increasing her danger, and the defendant honestly believed that she was in danger of great bodily harm at the hands of the said Verna Dent, then the defendant was authorized to anticipate the said Verna Dent and cut, and if the jury has a reasonable doubt on this proposition they must find the defendant not guilty."

"(48) I charge you, gentlemen of the jury, if the evidence of the state consists in the statements of witnesses, the truth of which the jury have reasonable doubt, you cannot convict on such evidence, although you may not believe the testimony of the defendant's witnesses."

"(50) I charge you, gentlemen of the jury, if the killing is the consequence of passion suddenly aroused by a blow given the accused by the deceased, you cannot convict the defendant of murder in either degree."

Benton & Bentley, of Bessemer, for appellant.

It was error to admit evidence of defendant's general reputation for being turbulent and bloodthirsty. Powe v. State, 19 Ala. App. 215, 96 South. 370. Defendant's requested charges should have been given. Charge 13: Richardson v. State, 204 Ala. 124, 85 South. 789. Charge 48: Estes v. State, 18 Ala. App. 606, 93 South. 217; Mills v. State, 1 Ala. App. 76, 55 South. 331; Kilgore v. State, 19 Ala. App. 181, 95 South. 906. Charge 50: Peagler v. State, 207 Ala. 586, 93 South. 536.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

When a defendant testifies on the trial in his own behalf, he subjects himself to impeachment, the same as any other witness. Buchanan v. State, 109 Ala. 7, 19 South. 410; Thompson v. State, 100 Ala. 70, 14 South.

878; Steele v. State, 83 Ala. 20, 3 South. 547; Stone v. State, 208 Ala. 50, 93 South. 706. The action of the court in subsequently excluding all evidence of defendant's bad character cured any error in its admission. Windham v. State, 18 Ala. App. 430, 93 South. 79.

BRICKEN, P. J. [1] Under the procedure in this state, a person accused of crime is required, upon trial, to answer only the specific charge contained in the accusation, whether by complaint or indictment, and none other.

[2] Upon the trial of a defendant charged by indictment with murder, it is error of a highly prejudicial nature to permit the state to offer evidence of the general bad character of the defendant as being dangerous, violent, turbulent, and bloodthirsty, where no such issue has been injected into the trial by the defendant and no attempt made by the defendant to sustain her character in any manner.

[3] In the absence of proof, there is no presumption as to character being good or bad, as the law raises no such presumption. Richard Steele v. State, 19 Ala. App. 598, 99 South. 745.

[4-6] The presumption indulged in a criminal case is that the accused is innocent of the crime charged. This presumption is evidentiary in its nature and attends the accused throughout the trial or until the state, by legal evidence, has proven the guilt of the defendant to the satisfaction of the jury, beyond a reasonable doubt, and to a moral certainty. However bad the character of a person charged with crime may be, even though such bad character may relate to the particular trait involved in the nature of the charge, a defendant cannot be convicted because of such bad character only, and evidence thereof is inadmissible as independent evidence to be offered by the prosecution. Evidence of the character of defendant is admissible only when such issue has been made by the defendant; except, of course, where the accused testifies as a witness in his own behalf, in which event he is subject to impeachment as would be any other witness but this must be limited by the court to the purpose of impeaching the defendant's credibility as a witness. Smith v. State, 197 Ala. 199, 72 South. 316. These elementary rules of evidence have been stated many times, and the attention of the lower court and the solicitor is directed to a few of the decisions of the Supreme Court and of this court. Dolan v. State, 81 Ala. 11, 18, 1 South. 707; Sweatt v. State, 156 Ala. 85, 88, 47 South. 194; Cox v. State, 162 Ala. 66, 50 South. 398; Forman v. State, 190 Ala. 22, 26, 67 South. 583; Smith v. State, 197 Ala. 193, 199, 72 South. 316; Johnson v. State, 16 Ala. App. 72, 75 South. 278.

---

[7] In the instant case the court permitted the solicitor, over the objection of defendant, to prove by state witnesses Williams and Ross, police officers, that the defendant's character was that of a bloodthirsty, turbulent, dangerous woman. And the witness Ross was also allowed to state, "I have arrested her many times." In these rulings the court committed reversible error. The character of the accused for violence or turbulence sheds no light on her credibility as a witness, and such evidence was inadmissible, as the defendant did not put her character for peace in issue. Sweatt v. State, supra. In Forman v. State, supra, the court said:

"In this case the defendant testified in his own behalf as a witness, but he offered no evidence as to his general character or as to his general character for peace and quiet. This being the situation, the state had no right, against the seasonable objection of the defendant, to offer evidence tending to show that the defendant was a man whose general character for peace and quiet was bad; and in permitting the state, against the seasonable objection of the defendant, to offer this evidence to the jury, the trial court committed reversible error."

After the testimony was closed, the court instructed the jury not to consider the testimony which had been allowed by the court as to the reputation of defendant for bloodthirstiness, or fighting character. This was wholly inadequate to right the wrong that had been done, and it is clearly apparent that, had the court made more decisive effort in this direction, it would have been difficult, if not impossible, to have done so. As stated, this testimony was of a highly prejudicial nature, and, being illegal, the harm could not be eradicated by a mere formal statement by the court, such as was used in this case. Moreover, by the testimony of said witnesses other imputations than that of "bloodthirstiness or fighting character" had been cast upon the character of defendant, and these imputations, even under the instructions given, remained with the jury. Furthermore, the statement of witness Ceph Ross, "I have arrested her lots of times," had no place in the trial of this defendant. The court should have granted defendant's motion to exclude this testimony.

When prejudicial illegal testimony has been admitted, it is always a serious question as to how far such testimony, though withdrawn in the most explicit and emphatic manner, has injuriously affected the defendant. In the case of Maryland Casualty Co. v. McCallum, 200 Ala. 154, 75 South. 92, the Supreme Court said: "This court has always regarded the practice with cautious disapproval."

[8] We cannot approve the practice here indulged, however unintentional it may have been; for to do so would result in establishing a precedent which in many cases might be hurtful in the extreme. The question under discussion is a simple one, elementary in its nature, and has been dealt with so often by the appellate courts of this state, it should be a familiar proposition of law to every attorney at the bar and certainly to all trial judges; and to the solicitors who represent the state in the trial of criminal cases. It is not proper practice to burden a defendant's case by introducing in evidence patently illegal, irrelevant, inadmissible, and prejudicial facts, and allow this evidence to remain with the jury throughout the trial and until all the testimony is in, and then to simply tell the jury not to consider it. As stated in Cassemus v. State, 16 Ala. App. 61, 75 South. 267, "The poison that had been injected would be difficult to eradicate."

Upon the trial of this case innumerable objections were interposed and numerous exceptions reserved to the rulings of the court upon the testimony. We shall not undertake to discuss these questions in detail. Many of them are wholly without merit.

[9] Refused charge 2 was fairly and substantially covered by the court's oral charge. Moreover, the charge is abstract as applied to the facts in this case. The charge was properly refused.

Charge 3 refused to defendant was covered by given charge 49 and by the court's oral charge.

Such propositions of law as are correct, contained in refused charges 7, 8, 10, 18, 19, 20 were fairly and substantially covered by the court's oral charge and by given charges.

[10-12] There was error in refusing charges 13, 48, and 50. Peagler v. State, 207 Ala. 586, 93 South. 536; Richardson v. State, 204 Ala. 124, 85 South. 791; Kilgore v. State, (Ala. App.) 95 South. 906;[1] Estes v. State, 18 Ala. App. 606, 93 South. 217; Mills v. State, 1 Ala. App. 76, 55 South. 331. Reference to these authorities will disclose that each of these charges are literal copies of charges which were held to be good in said decisions, and it does not appear that the same principles of law had been given to the jury in the oral charge or in any of the given charges.

For the errors designated, the judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.

[1] 19 Ala. App. 181.