(111 So. 195)

### SHIREY v. STATE.   (6 Div. 968.)

(Court of Appeals of Alabama.   Jan. 11, 1927.)

1. **Criminal law ⬅1028—Defendant must raise questions in lower court, in order to rely thereon on appeal.**

Defendant, in order to question rulings on appeal, must have raised such questions in lower court.

2. **Criminal law ⬅419, 420(10), 1169(1)— Neighbors' complaint of defendant's conduct held hearsay, and prejudicial, in adultery prosecution.**

Evidence, in prosecution for adultery, relative to complaints made to officer by neighbors relative to conduct of defendant, *held* erroneously admitted as hearsay, and prejudicial.

3. **Criminal law ⬅376—Permitting state to prove defendant's general bad character, before it was put in issue, held error.**

Permitting state, in adultery prosecution, to prove defendant's general bad character, before defendant had testified or otherwise put her character in issue, constituted error.

Appeal from Circuit Court, Marion County; R. L. Blanton, Judge.

Ada Shirey was convicted of adultery, and she appeals. Reversed and remanded.

James H. Kimbrough, of Haleyville, for appellant.

Counsel argue for error in rulings on the trial and cite Hall & Skipper v. State, 88 Ala. 236, 7 So. 340, 16 Am. St. Rep. 51.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The conditions to a conviction were successfully met by the state. Lewis v. State, 18 Ala. App. 263, 89 So. 904.

SAMFORD, J. [1] We have carefully read the testimony in this case, and, while we are convinced that the evidence is not sufficient upon which to predicate a verdict of guilty, the general charge was not requested in behalf of defendant, nor is there a motion for a new trial. The trial court cannot be put in error, unless rulings are invoked raising the questions here sought to be reviewed.

[2] Over the objection and exception of defendant, the solicitor was permitted to inquire of the state's witness Crowder if "the neighbors and citizens, people who lived there close to Mrs. Shirey, didn't make complaint to you as an officer about the way Cleve and Mrs. Shirey acted there." This was answered in the affirmative, and defendant's motion to exclude was overruled. This was hearsay evidence, was a conclusion of the witness, and assumed an illicit relationship between the parties not shown to have existed. The ruling of the court was clearly error.

Nor can the error be said to be without injury, in view of the peculiar character of the evidence, which bears every indication of a conviction on "the hue and cry," rather than upon facts proven to establish the crime charged. This woman is charged with the serious offense of living in a state of adultery, and not with being an undesirable neighbor, or of being a woman of bad character, and as to the crime as laid in the indictment there is an entire absence of any proof of illicit relationship with Franks, the party jointly indicted.

[3] Before the defendant had testified, or had otherwise put her character in issue, the state was permitted, over timely objection and exception of defendant, to prove defendant's general bad character. This was error. Harrison v. State, 37 Ala. 154; Brown v. State, 46 Ala. 175; Forman v. State, 190 Ala. 22, 67 So. 583.

There were other questions reserved, which will not probably arise on another trial; but for the errors pointed out the judgment is reversed and the cause is remanded.

Reversed and remanded.