150 So.2d 696

**Billie Jean BEDSOLE**

**v.**

**STATE of Alabama.**

**3 Div. 9.**

Supreme Court of Alabama.

Feb. 28, 1963.

Rushton, Stakely & Johnston, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Leslie Hall, Asst. Atty. Gen., for the State.

MERRILL, Justice.

The appellant was indicted for murder in the first degree, was found guilty of murder in the second degree and was sentenced to thirty years in the penitentiary. Her motion for new trial was overruled.

The evidence showed that appellant called the police station during the early morning hours of July 9, 1961, and reported to the police that she had shot and killed her husband. He was found in a chair in their kitchen and he had been shot at close range with a shotgun. One Frank Kelley was present at the time of the shooting but he testified he had been drinking beer most of the preceding eighteen hours and he did not know what went on immediately preceding the shooting.

The evidence presented by appellant tended to show that she acted in self-defense; that deceased had committed repeated acts of violence upon her and that he had often committed acts of violence on others in her presence; that he had a bad reputation for violence and bloodthirstiness; that she had had her husband arrested for assault and battery during the forty-eight hour period prior to the shooting and that she had made repeated telephone calls in an effort to keep him in jail and prevent him from harming her. She also showed that she had a good reputation in the community for truth and veracity.

The appellant's testimony made a jury question on the issue of self-defense and the State attempted to show a record of prior convictions for crimes not involving moral turpitude and a bad reputation for peace and quiet.

The following questions were asked appellant on cross-examination:

"Q How many times have you been convicted of assault and battery, would you have any idea?

"Q Now, weren't you convicted of assault and battery in 1960 on September 27th?"

Objections to each of these questions were overruled, on the theory that she had testified that her husband was a fighter and that she was afraid of him. The trial court recognized that an assault and battery does not involve moral turpitude and such inquiries called for inadmissible testimony. Gillman v. State, 165 Ala. 135, 51 So. 722; Craven v. State, 22 Ala.App. 39, 111 So. 767. We have found no cases, nor have we been cited any, which uphold the theory on which the objections to these questions were overruled. These rulings constituted reversible error under the authority of the Gillman and Craven cases, supra.

The State sought to discredit the defendant's testimony by showing that she had a bad reputation for fighting and being a dirty fighter. Objections to the following questions were overruled:

"Q Mr. Hawkins, didn't the defendant, Mrs. Bedsole, have a pretty bad reputation of fighting herself?

"Q Do you know Billie Jean's (the defendant) reputation for being a dirty fighter?"

■ When a defendant in a homicide case has testified, the State may inquire into his general character, but only to the extent that it affects his credibility as a witness; and unless the defendant has first put his character in issue by offering testimony that it was good, it is reversible error to allow the State to inquire into his reputation for peace and quiet. Stearns v. State, 266 Ala. 295, 96 So.2d 306; Forman v. State, 190 Ala. 22, 67 So. 583; Cox v. State, 162 Ala. 66, 50 So. 398; Sweatt v. State, 156 Ala. 85, 47 So. 194; Thomas v. State, 41 Ala.App. 19, 122 So.2d 731, cert. den. 271 Ala. 700, 122 So.2d 736; Brown v. State, 20 Ala.App. 39, 100 So. 616; McElroy's Law of Evidence, Vol. I, 2nd Ed., § 27.02(8), p. 55.

In oral argument, the State argued that the case of Holloway v. State, 38 Ala.App. 434, 89 So.2d 313, supports the lower court's ruling. We cannot agree. If in point at all, it supports a reversal more than an affirmance.

■ Finally, appellant argues that the court erred in sustaining objections to questions asked one of defendant's witnesses who accompanied defendant to a pawn shop on Saturday, where she bought the shotgun with which she shot and killed her husband on Sunday. The witness, testifying on direct examination, said that the defendant, as they entered the door of the pawn shop stated, "I am going to buy a gun." "Q Did she tell you why? A Yes. Q What did she say?" The State objected and the objection was sustained. Appellant argues that the purpose for which the gun was bought was "crucial as bearing on the question of malice."

Ordinarily, the question called for an answer as to a matter not material, and for a self-serving declaration on the part of the defendant. Had the matter of the purchase of the gun been brought out originally by the defendant, the ruling of the trial court would have been correct on the ground that it was immaterial or that it was self-serving.

But here the State, before resting, had shown that the defendant had purchased the shotgun on Saturday. This brings this case within the purview of Colvin v. State, 260 Ala. 338, 70 So.2d 654 and Colvin v. State, 37 Ala.App. 268, 70 So.2d 650, where the judgment of conviction was reversed because a witness for defendant was not permitted to repeat defendant's statement as to why he put a pistol, the death weapon, in his pocket over four hours prior to the shooting as he left his apartment to go to a place where the deceased had wrecked an automobile. In the Colvin case, the State had already shown that Colvin had put the pistol in his pocket. We held that under those circumstances, the statement of Colvin to the witness that the purpose with which he placed the pistol was self-protection should have been admitted into evidence under the Verbal Act

**606**

Doctrine. We said in Colvin v. State, 260 Ala. 338, 70 So.2d 654:

> "It should be remembered that Colvin is charged with a crime involving premeditation and deliberation and malice aforethought in the shooting of the deceased. Malice aforethought can be ascribed to the use of a deadly weapon. Caldwell v. State, 203 Ala. 412, 84 So. 272. It would indeed be an injustice to allow the State to prove that Colvin put the pistol in his pocket on the way to the scene of the wrecked automobile and not allow the accused to corroborate by the witness Calhoun his own statement that the purpose with which he placed the pistol in his pocket was self-protection. 22 C.J.S., Criminal Law, § 601, p. 925.

> \*  \*  \*  \*  \*  \*

> "The act of the defendant in putting the pistol in his pocket under the circumstances in the case was not complete and definite in itself because such conduct admitted an inference either of a purpose to kill with criminal intent or of self-protection."

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.