213 So.2d 687

**Buford G. SORRELLS**

**v.**

**STATE.**

**4 Div. 635.**

Court of Appeals of Alabama.

Aug. 27, 1968.

Jas. W. Kelly and John L. Knowles, Geneva, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant was convicted of the offense of assault with intent to murder.

The defendant admitted the shooting of one Colbert R. Sorrells. The question of whether he shot in self defense was for the jury under the evidence presented. The requested general affirmative charge was refused without error.

Requested charges D-4 and D-6, solely to the effect that the burden of proof was on the state to show that defendant was not free from fault in bringing on the difficulty, were calculated to mislead the jury into believing that retreat and imminent peril were not important factors in the case, and were properly refused. Morris v. State, 146 Ala. 66, 41 So. 274.

█ █ The defendant testified as a witness in his own behalf. He did not put his character for peace and quiet in issue. After defendant had closed his evidence, the state, in rebuttal, introduced Quinn Culverhouse, Police Chief of Hartford, and L. D. Sizemore, Chief Deputy Sheriff of Geneva County, who testified they had known defendant for thirty and twenty-five years, respectively. They were asked whether they knew his general reputation in the community "for peace and quietude" prior to the shooting. Defendant's objections to these questions were overruled. They answered that they knew such reputation. Mr. Culverhouse said it "was not too good." Mr. Sizemore testified it was "bad." The defendant's motions to exclude the answers were overruled. These rulings of the court were reversible error. The general rule of evidence is stated in Bedsole v. State, 274 Ala. 603, 150 So.2d 696, as follows:

> "When a defendant in a homicide case (assault with intent to murder, etc.,) has testified, the State may inquire into his general character, but only to the extent that it affects his credibility as a witness; and unless the defendant has first put his character in issue by offering testimony that it was good, it is reversible error to allow the State to inquire into his reputation for peace and quiet." (cases cited)

For the error pointed out hereinabove the judgment is reversed and the cause remanded.

Reversed and remanded.