260 So.2d 419

**Joe L. ROBINSON, alias**

**v.**

**STATE.**

**6 Div. 110.**

Court of Criminal Appeals of Alabama.

Dec. 14, 1971.

Rehearing Denied Jan. 25, 1972.

Morel Montgomery, Fred Blanton, Birmingham, for appellant.

690

MacDonald Gallion, Atty. Gen., Joseph
G. L. Marston, III, Asst. Atty. Gen., for
the State.

PRICE, Presiding Judge.

The appellant has been convicted of murder in the first degree and sentenced to imprisonment in the penitentiary for life. From this judgment he prosecutes this appeal.

The state's evidence tends to show that defendant killed one Perry Elam by shooting him with a pistol.

There were no witnesses to the actual shooting. The defendant testified he went to Elam's apartment the morning of May 22, 1968, in response to deceased's telephoned request. Elam asked him to sell color televisions, cigarettes and other articles for him and when defendant refused Elam called him a police pimp and other names, and hit him in the chest with a pair of bolt cutters. He testified:

"Well, I taken them away from him and throwed it to the floor * * * and by

this time he come out with a pistol. · \* \* \* well, when he got up with the pistol, I just grabbed him and started tusseling over the pistol, the pistol went off, three or four times. I don't know exactly how many times the pistol went off. When we got through tugging, I taken the pistol away from him."

The evidence showed there were three bullet wounds in Elam's chest and one in the right leg. Defendant testified he never had his hand on the trigger. He stated deceased was approximately five feet, eleven inches tall and weighed between one hundred seventy and one hundred eighty pounds. Defendant was six feet, three inches tall and weighed two hundred, sixty-five pounds.

Under the evidence adduced whether the shooting was accidentally done or done in self defense was for the jury. The evidence was sufficient to support the judgment of conviction.

■ After the defendant had testified as a witness, police sergeant Smith, a defense witness, stated on cross examination that defendant's general reputation in the community where he lived was bad, but on re-direct examination he stated defendant's reputation for truth and veracity was good and that he would believe him under oath in a court of law.

On cross examination the witness stated, over defense objections, that he had heard the defendant was convicted for violation of the state firearms act and presenting firearms at another in 1956; was arrested for transporting whiskey in 1958; was arrested and convicted for desertion and non-support of his family in 1960; was arrested for assault and battery in 1962; was arrested for theft of government property and robbery in 1968, and after hearing all these things, he would still say that his reputation for truth and veracity is good.

There are many cases holding that where a defendant has testified as a witness, the state may inquire into his general character or reputation and that such inquiry may be extended by the state or defendant to include his character for truth and veracity. Bedsole v. State, 274 Ala. 603, 150 So.2d 696; Mealer v. State, 242 Ala. 682, 8 So. 2d 178; Huling v. State, 38 Ala..App. 598, 92 So.2d 47.

When a witness testifies to the good general character or reputation of defendant, or his good character for truth and veracity, "it is competent on cross-examination to test the witness's knowledge of this reputation or character of which he did testify by asking if he had not heard of specific acts of the defendant that tend to militate against his reputation or character." Helms v. State, 254 Ala. 14, 47 So. 2d 276; Lowman v. State, 161 Ala. 47, 50 So. 43; Ellis v. State, 39 Ala.App. 325, 100 So.2d 725. There was no error in the court's admission of this evidence.

■ The court, in its oral charge, instructed the jury:

"Now, ladies and gentlemen, the purpose for punishment of crime is two-fold: First, to punish the person for his crime against society; and second, to deter others from committing like or similar offenses."

An exception was reserved to this portion of the oral charge.

Appellant insists in brief that this shortened version of the instruction approved in Bush v. State, 282 Ala. 134, 209 So.2d 416, amounted to the general charge for the state. The court's charge was a full and fair statement of the legal principles involved. We do not consider the last statement as an instruction to find defendant guilty.

We have carefully searched the record and find no reversible error.

The judgment is affirmed.

Affirmed.