Defendant, Billy Thompson, was charged by indictment with assault with intent to murder. He pleaded not guilty, was tried, and was found guilty of assault and battery. He was fined five hundred dollars and sentenced to six months' imprisonment in the county jail. On appeal to the Court of Criminal Appeals the judgment of conviction was affirmed.
We granted certiorari to consider the sole question of whether the trial court committed reversible error by allowing the prosecution to introduce evidence regarding defendant's reputation for peace and quiet where defendant had testified but had not put that aspect of his character in issue. The Court of Criminal Appeals answered this question in the negative. We disagree and therefore reverse.
This case centers around a barroom fight between two first cousins. At 12:30 p.m. on 13 March 1977 the assault victim, Wilton Cox, and the defendant began drinking beer together. Around 4:30 or 5:00 p.m. the two went to the Amvets Club in Covington *Page 767 
County where they continued to consume intoxicating beverages. They both became highly intoxicated and engaged in a fight around 8:00 or 9:00 p.m. Thompson slashed Cox with a knife five times during the fight. The two were disengaged when the bartender struck Thompson on the head with a night stick. After the blow Thompson went outside the club. Cox was assisted to his feet and two patrons of the club took him outside in order to drive him to the hospital. When Cox emerged from the club he attacked the defendant. They were again disengaged, and Cox was taken to the hospital.[1]
The evidence was in conflict as to who was the aggressor. Cox testified that Thompson started the fight by biting him on the arm. Thompson testified that Cox started the fight by striking him in the head while he was passed out at the bar. Apparently, the jury believed Cox as evidenced by its finding Thompson guilty of assault and battery.
The issue before this court stems from the following questioning of Deputy Sheriff George Spzek by the prosecutor:
"BY MR. MCGILL:
 "Q. Mr. Spzek, I will ask you again, if you know his general reputation in the community where he lives?
"A. Yes, sir.
"MR. JONES: I object to the question.
"THE COURT: Overruled.
"MR. JONES. Except.
"Q. Is it good or bad?
"MR. JONES: I object to that question.
"A. Bad.
"THE COURT: Overruled.
"MR. JONES: We except.
 "Q. I asked you if you know his general reputation in the community for peace and quiet?
"MR. JONES: I object to that question.
"THE COURT: Overruled.
"A. Yes, sir.
"Q. Is is good or bad?
"A. Bad.
 "MR. JONES: I object to that answer and move that it be stricken.
"THE COURT: Overruled.
"MR. JONES: Except.
"MR. MCGILL: That's all.
 "MR. JONES: I am going to further cite, in support of my objection, a section under McElroy's book on evidence. Section 165.01 (2). I now move for a mistrial on the grounds that that is improper, irregular, irrelevant and prejudicial to the rights of the accused.
"THE COURT: Overruled.
"MR. JONES: I now move for a mistrial.
"THE COURT: Overruled.
"MR. JONES: We except."
As the record discloses, Thompson's attorney timely and properly objected to the introduction of any evidence about defendant's reputation in the community for peace and quiet.
Although defendant did testify, at no time did he put his character for peace and quiet at issue. The Court of Criminal Appeals, in its opinion, recognized it was error for the trial court to admit testimony about defendant's reputation for peace and quiet. It went on to state the correct rule of law:
 "* * * Deputy Spzek was properly allowed to testify for impeachment purposes that appellant's general reputation in the community was bad. The general rule, however prohibits the State from proving the accused's bad general reputation respecting a particular trait of character. Sorrells v. State, 44 Ala. App. 481, 213 So.2d 687. It was therefore improper to allow him to further testify that appellant's general reputation for peace and quiet was bad since appellant had not introduced evidence of his good character to prove his innocence." Thompson v. *Page 768 State, 376 So.2d at 765 (Ala.Cr.App. 1979).
The appellate court, however, held the error to be harmless, citing Kennedy v. State, 291 Ala. 62, 277 So.2d 878 (1973). However, Kennedy is inapt to this case. In Kennedy, the trial court refused four written charges, requested by defendant, which were substantially the same and one of which was illustrative of all four:
 "`The court charges the Jury that, if the evidence convinces you that Dixon is a man of bad character, and unworthy of belief, then you may disregard his evidence altogether.'" (Dixon was a witness for the State.)
This court held it error to refuse the charges but not error that probably injuriously affected substantial rights of the parties, a conclusion made after an examination of the entire cause. In other words, the error without injury rule then obtaining and now embodied in Rule 45, ARAP, was applicable.
We have an entirely different situation in this case. Here, the trial court permitted inquiry of defendant's reputation for peace and quiet when defendant had not put his character in issue, a practice condemned by this court in Bedsole v. State,274 Ala. 603, 150 So.2d 696 (1963), and cases cited therein. The Court of Criminal Appeals in Sorrells v. State, supra, specifically extended Bedsole, a homicide case, to cover cases involving such crimes as assault with intent to murder by including a parenthetical to that effect in a quote fromBedsole and by reversing the trial court in Sorrells. Sorrells
states a sound rule regarding the question under consideration; therefore, the trial court erred to reversal by allowing Deputy Spzek to testify that defendant's reputation in the community for peace and quiet was bad.
The testimony of Deputy Spzek was especially harmful in this case. The major issue of fact for the jury to determine was whether or not Thompson was the aggressor. The evidence was in conflict as to who started the fight; moreover, the only testimony as to who started the fight came from Cox and the defendant. Allowing testimony that defendant had a bad reputation for peace and quiet certainly imparted more credence to Cox's version of the fracas.
The judgment of the Court of Criminal Appeals must be, and is hereby, reversed and the case remanded to that court for decision not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES BEATTY, JJ., concur.
[1] For a more detailed statement of the facts, see Thompson v.State, 376 So.2d 768 (Ala.Cr.App. 1979).