RUSSELL, Judge.
On May 14, 1988, James Taylor filed a petition alleging that the City of Brighton and certain city officials (City) had violated his rights under 42 U.S'.C. § 1983 (1988) by refusing to pay him for his service as a city councilman. Taylor further sought an order enjoining the City from interfering with his civil rights, a judicial declaration that he was a duly elected councilman, and an award of attorney’s fees and costs under § 1983. The City denied that it had violated Taylor’s rights. It further denied that Taylor was properly elected to serve on the city council and asserted that Taylor was disqualified from such service because he had been convicted for assault and battery in 1964.
Following a proceeding on the matter in May 1990, the trial court entered an order holding that Taylor had failed to establish the City’s liability under § 1983. However, the court found that Taylor was qualified to serve as a councilman at the time of his election and that he had been property elected. Accordingly, the court ordered the City to pay Taylor compensation in the amount of $150 per month for his services on the city council from February 1987 through September 1988. Post-trial motions were denied, and the City now appeals. We affirm.
The record reveals that in late 1986 Charles Neal resigned his position as a councilman for the City of Brighton and that at a subsequent meeting of the council, Taylor was elected by a majority of council members to serve the remainder of Neal’s term. After filing his oath of office, Taylor entered the duties of councilman on February 12, 1987, and continued his service as such until October 1, 1988. During *137 this period the City failed to pay Taylor the $150 monthly salary normally due a council member.
The record further reveals that in 1964 Taylor was tried and convicted for shooting and injuring a woman with a pistol. Taylor was convicted of assault and battery under Title 14, § 33, Ala.Code 1940, which classified the crime as a misdemeanor. He was fined $500 and sentenced to 6 months in the county jail.
Section 13A-6-21(a)(2), Ala.Code 1975, the criminal statute in effect when Taylor was elected to the city council in 1986, classifies assault with a pistol as the Class C felony of “assault in the "second degree.” Article IV, § 60, of the Alabama Constitution provides:
“No person convicted of embezzlement of the public money, bribery, penury, or other infamous crime, shall be eligible to the legislature, or capable of holding any office of trust or profit in this state.”
The City argues that because Taylor’s 1964 conviction was for an act classified as a felony at the time he was elected, Taylor had committed an “infamous crime” that disqualified him as a matter of law from serving as a councilman. It contends therefore that the trial court erred in ordering it to compensate Taylor for his service on the council. We disagree.
The City cites no authority for the proposition that a misdemeanor conviction for assault and battery is an “infamous crime” contemplated by article IV, § 60, of the constitution, but instead relies largely on the argument that it is violative of public policy to allow a person who has committed a criminal act to avoid disqualification from public office if that person is “fortunate enough” to have committed the act prior to its classification as a felony. However, we do not have before us all the facts on which Taylor was tried and convicted in 1964, and we are therefore not positioned to try him under § 13A-6-21(a)(2), Ala.Code 1975. The only crime Taylor has been convicted of is classified as a misdemeanor.
In many states there are constitutional and statutory provisions disqualifying from public office persons convicted of infamous crimes or ones involving moral turpitude. Annot. 52 A.L.R.2d 1314 (1957). However, it is well settled that a conviction for assault and battery in Alabama does not involve moral turpitude. Bedsole v. State, 274 Ala. 603, 150 So.2d 696 (1963). We find that because Taylor was not convicted of an infamous crime or one involving moral turpitude, the trial court was correct in holding that Taylor’s misdemean- or conviction in 1964 was not a bar to his service as a councilman and that the court correctly ordered the City to compensate Taylor for his service.
The City also contends that the trial court erroneously denied its attorney’s fees after finding that Taylor had failed to establish the City’s liability in his § 1983 claim. We disagree.
An award of attorney’s fees to the prevailing party in an action brought under § 1983 is a matter within the discretion of the trial court. See 42 U.S.C. § 1988 (1988). In the context of 42 U.S.C. § 1988, the court may award attorney’s fees to a prevailing defendant only if the plaintiff’s claim was “frivolous, unreasonable, or groundless.” Dayan v. Board of Regents of University of Georgia, 620 F.2d 107 (5th Cir.1980). Assuming ad arguendo (without so deciding) that the City was the prevailing party, we do not find that Taylor’s claim was “frivolous, unreasonable, or groundless,” especially in view of the trial court’s ruling in favor of his claim for compensation for his service on the council. Accordingly, it was not error for the trial court to deny attorney’s fees to the City.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.