112 So.2d 355

**Harvey EVANS**

**v.**

**STATE.**

**2 Div. 984.**

Court of Appeals of Alabama.

May 12, 1959.

Joe J. Thompson, Butler, for appellant.

John Patterson, Atty. Gen., and John F. Proctor, Asst. Atty. Gen., for the State.

PRICE, Judge.

The defendant was tried by the court without the intervention of a jury and convicted of the offense of buying, selling or having in possession illegally, etc., prohibited liquors, after having been convicted of the same offense two or more times. Secs. 98 and 99, Title 29, Code 1940.

The state introduced evidence by Lewis F. Fisher and Carl F. Wade, Investigators for the United States Treasury Department, Alcohol and Tobacco Tax Division, tending to show that on the night of February 8, 1958, they saw defendant sitting in a parked automobile at Toxey, Alabama. Three or four others were in the car with him. Mr. Fisher called defendant to his car and told him he wanted to buy ten gallons of moonshine whiskey. Defendant said he could get it for him but it would probably take two hours. Mr. Fisher then told defendant he would take a smaller quantity and defendant said he had a quart he could let him have. Defendant told the officers to meet him at the home of one Lilly Bell Scruggs, and when the investigators drove to the Scruggs house, a young colored boy got out of defendant's car, removed a quart of whiskey from the right floor board and handed it to Mr. Fisher. Mr. Wade paid defendant $4 for the whiskey.

The state offered evidence that defendant had been previously convicted twice on similar charges.

After the state had introduced its evidence, the defendant was examined as a witness in his own behalf. He denied that he had seen or talked with the investigators and denied that he had sold them whiskey. No evidence as to his character was introduced by defendant. After defendant had rested, the state, in rebuttal, introduced Ray Mosley, Amos Kemp and Frank Doggett who testified they knew the defendant's general reputation and that it was bad.

Then, over defendant's objections, the state went into the subject of defendant's reputation as a bootlegger. Objections to the following questions were overruled:

"q. Has he had a reputation for being a bootlegger during the years 1956, 1957, and 1958?"

"q. Is he known as being a ringleader of the bootleggers in Toxey?", affirmative answers were given to both questions.

In Cox v. State, 162 Ala. 66, 50 So. ·398, 399, the rule was stated: "The defendant, having testified as a witness in his own behalf, was subject to impeachment as any other witness would be, and to this end was subject·to impeachment on his general reputation; but, not having otherwise put his general character in issue, it was not competent for the state to offer evidence ·of general bad character, for the purpose of showing guilt. Evidence of his general bad character was only competent as affecting his credibility as a witness. The court therefore erred in admitting evidence that the defendant's character was bad for writing libelous letters." See also Sweatt v. State, 156 Ala. 85, 47 So. 194; Dolan v. State, 81 Ala. 11, 1 So. 707; Forman v. State, 190 Ala. 22, 67 So. 583; Cooley· v. State, 233 Ala. 407, 171 So. 725; Brown v. State, 20 Ala.App. 39, 100 So 616.

In this case each of the three named state's character witnesses had already been allowed to testify without objection that they knew defendant's reputation for being a bootlegger and that it was bad.

The admission of testimony, if error, is harmless where the same witness had previously testified to the same facts without objection. Crenshaw v. State, 205 Ala. 256, 87 So. 328; Woodard v. State, 253 Ala. 259, 44 So.2d 241.

Affirmed.