BOWEN, Judge,
dissenting.
I must humbly and respectfully dissent from that part of the opinion finding reversible error in the trial of the appellant. Aware of admirable qualities and virtues of the Honorable Judge Clark for scholarship, thoroughness, and eloquence, I make this dissent with some hesitation.
This cause has been reversed and remanded under the majority opinion because of the admission of the testimony of Officer Washington that he went to Texas with $100,000.00 to buy forty ounces of heroin from James Owens. This evidence was elicited from the witness on re-direct examina *1124 tion by the State only after defense counsel had injected James Owens into the trial on prior cross examination and for the purpose of rebutting the inferences arising from defense counsel’s cross examination of the witness.
The testimony that Officer Washington had gone to Texas to purchase heroin from Owens was admitted without proper objection; defense counsel only objecting to the hearsay character of such evidence. Only when the State was going into this information for a second time did defense counsel assert further objection. This objection came too late. The evidence was already before the jury on a subject which defense counsel had initially introduced. Irrelevant evidence may be refuted with irrelevant evidence. Evans v. State, Ala.Cr.App., 338 So.2d 1033 (1976). It is not error to allow a witness to relate facts, over objection, which have already been related without objection. Oatsvall v. State, 57 Ala.App. 240, 327 So.2d 735, cert. denied, 295 Ala. 414, 327 So.2d 740 (1975). The objection came after a responsive answer. There being no motion to exclude, there was no error. Miller v. State, 48 Ala.App. 28, 261 So.2d 447, cert. denied, 288 Ala. 746, 261 So.2d 451 (1972). The admission of testimony, if error, is harmless where the same witness has previously testified to the same facts without objection. Espey v. State, 270 Ala. 669, 120 So.2d 904 (1960); Whitehead v. State, 41 Ala.App. 387, 133 So.2d 513 (1961); Evans v. State, 40 Ala.App. 282, 112 So.2d 355 (1959); Purser v. State, 39 Ala.App. 169, 96 So.2d 689 (1957); Bush v. State, 282 Ala. 134, 209 So.2d 416 (1968).
The information was undoubtedly prejudicial to the appellant yet it was defense counsel who opened the door by (1) first eliciting testimony about Owens and (2) not objecting until the complained of remarks were already answered and before the jury. Under these circumstances, it is my humble opinion that the State had a right to rebut any inference arising from the testimony elicited by defense counsel and in view of lack of proper objection, the testimony adduced in rebuttal was not error to reverse.