Marshall Lawrence DAYAN and David Taylor Shelledy, Plaintiffs,

v.

BOARD OF REGENTS OF the UNIVERSITY SYSTEM OF GEORGIA et al., Defendants.

Civ. A. No. 78–69–ATH.

United States District Court,
M. D. Georgia,
Athens Division.

May 11, 1979.

16. *See* Record Doc. # 16 at p. 22.

J. Hue Henry, Henry & Marshall, Athens, Ga., for plaintiffs.

Alfred L. Evans, Jr., Asst. Atty. Gen., State of Georgia, Atlanta, Ga., for defendants.

OWENS, District Judge:

The plaintiffs, students at the University of Georgia, brought this action attacking the constitutionality of the Board of Regents policy governing the procedure for appearances before the board. The procedure adopted on May 10, 1978 provides:

"Appearance before the Board. Individual or group representatives who desire to appear before the Board of Regents to discuss or initiate a subject within the Board's jurisdiction shall submit their request to the Chancellor to be received at least fifteen days prior to the scheduled meeting of the Board. The Chancellor in consultation with the Chairman may either place the requested item on the agenda or reject it notifying the individual or group of the reasons for his decision. The Chancellor may refer any such request to the Executive Secretary for referral to a committee of the Board in accordance with the provisions of Section B–2(e) of Board Procedures.

All individuals or groups employed or enrolled in the University System shall submit all requests for items to be placed on the Board agenda to the President of the respective institution who shall, after carefully considering such request, transmit it with his recommendation to the Chancellor for approval.

When deemed proper, the Chairman or a majority of the Board may waive these rules and hear any person on any subject. In addition, persons other than presidents or agency heads, who desire to appear before a committee of the Board may petition the Chancellor or the Executive Secretary as set forth in Section B–2(e) of Board Procedures. (Minutes, 1978, pp. 243–244)

B–2(e) *Appearance of Other Persons Before Committees.* Anyone desiring to appear before a committee of the Board shall make a request in writing to the Executive Secretary of the Board at least seven days before the scheduled meeting of the committee at which he wishes to appear. This request must set forth the purpose of such appearance. The Executive Secretary shall transmit the written request to the chairman of the committee concerned for approval. The Executive Secretary shall inform the person or persons of the chairman's approval or disapproval of the request."

The parties have agreed to a stipulation of all material facts and the defendants have moved for a judgment on the pleadings which will be treated as a motion for summary judgment. Fed.R.Civ.P. 12(c). In addition, the plaintiffs have moved for summary judgment. This memorandum constitutes the court's ruling on both motions.

Initially, the plaintiffs desired to appear before the Board of Regents to voice their dissatisfaction with the core curriculum policy of the University system. They complied with the rule by submitting their requests to President Fred C. Davison, who disapproved their requests, but failed to forward them to the Chancellor with his recommendation as required by the rule. After the initiation of this suit, President Davison, on advice of counsel, did forward the requests to the Chancellor with an unfavorable recommendation on November 6, 1978. On November 22, 1978 the Chancellor, George Simpson, granted plaintiff Day-

an's request to speak against the Regents' appearance policy. On December 12, 1978 both plaintiffs attended the Board meeting in Atlanta. Dayan addressed the Board pursuant to the Chancellor's permission and the Regents *sua sponte* allowed plaintiff Shelledy to speak on the substantive issue of the "core curriculum" policy. Therefore, the plaintiffs' constitutional attack on the application of the policy is moot.

Aside from the question of attorney's fees, all that remains to be decided is the constitutionality of the appearance procedure. The plaintiffs argue that the procedure infringes on the First Amendment right to free speech and violates the equal protection clause of the Fourteenth Amendment. First, the plaintiffs attack the selectivity element of the procedure in determining who will be heard at board meetings. They rely on *City of Madison, Joint School Dist. No. 8 v. Wisconsin Employment Relations Commission*, 429 U.S. 167, 97 S.Ct. 421, 50 L.Ed.2d 376 (1976), where the Supreme Court held that a local school board could not prohibit a teacher, within a bargaining unit, from speaking during that portion of the meeting open to public comment. The plaintiffs' reliance on this case is inapposite. Unlike the school board in the *City of Madison* case, the Board of Regents has not opened its meetings or portions thereof for general public comment. The meetings are public only in the sense of public attendance and observation, not participation.

■ The policy in question does establish a procedure whereby a member of the public may be placed on the agenda to address the Board. The selection of who may and may not speak does not, however, offend the First Amendment. Because it has recognized the benefit of some public comment and criticism in its decision-making process by providing a selective process, it should not be burdened to the extent that all who wish to address the Board must be afforded that right at the risk of order and efficiency. The Board may take such reasonable measures to control the time, place and manner of speech in order to assure efficient conduct of its business. *See Healy v.*

*James*, 408 U.S. 169, 92 S.Ct. 2338, 33 L.Ed.2d 266 (1972). Furthermore, the procedure as written and applied does not condition selection based on content of the speech. *See Police Dept. of City of Chicago v. Mosley*, 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972). The procedure does not prohibit other forms of communication with or criticisms of the Board of Regents either by direct contact with Board members in person, by mail or phone or by resort to the media.

■ The plaintiffs' second line of attack is predicated on the equal protection clause of the Fourteenth Amendment. They contend that the requirement that students and university employees to go through their respective school presidents to get permission to address the Board while the general public seeks permission directly from the Chancellor creates an irrational classification of persons and places a greater burden on students and employees in seeking appearance before the Board. It is first noted that the classification does not comprehend any suspect classification such as race, national origin or alienage, and does not infringe on any fundamental rights including freedom of speech. Therefore, the appropriate test in evaluating the classification system is whether the classification bears a rational relationship to legitimate objectives of the rule. *See Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). The defendants have articulated two objectives of the rule. First, the president of each school has a legitimate interest in knowing the concerns of his school's students and employees. In some instances he may take action to remedy any complaints thereby obviating an appearance before the Board. Secondly, as a practical matter, the Chancellor and Board chairman will almost certainly consult with a school president in deciding whether to place a student or employee on the agenda. The procedure in question would eliminate the necessity of additional communications and paperwork. In this court's opinion these are legitimate objectives which are directly served by the Regents' new policy. Fur-

thermore, neither the Chancellor nor the Board is bound by the president's favorable or unfavorable recommendation as is evident in this case. The classification inherent in the Board's personal appearance procedure does not therefore violate the equal protection clause.

Accordingly, the defendants' motion for summary judgment is granted and the plaintiffs' motion for summary judgment is denied.

SO ORDERED, this 11th day of May, 1979.