**Marshall Lawrence DAYAN and David Taylor Shelledy, Plaintiffs-Appellants Cross-Appellees,**

v.

**BOARD OF REGENTS OF the UNIVERSITY OF GEORGIA et al., Defendants-Appellees Cross-Appellants.**

**No. 79–3872**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 27, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

J. Hue Henry, Athens, Ga., for plaintiffs-appellants cross-appellees.

Alfred L. Evans, Jr., Michael J. Bowers, Linda R. Birrel, Asst. Attys. Gen., Atlanta, Ga., for defendants-appellees cross-appellants.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

The plaintiffs appeal from the district court's ruling that the defendant Board of Regent's policy governing the procedure for seeking personal appearances before the Board is constitutional. The defendants have cross-appealed to contest the award of attorney's fees made to the plaintiffs and to seek an award of attorney's fees for themselves. Finding both appeals to be without merit, we affirm.

As the district court held, the plaintiffs' reliance on *City of Madison, Joint School Dist. No. 8 v. Wisconsin Employment Relations Commission*, 429 U.S. 167, 97 S.Ct. 421, 50 L.Ed.2d 376 (1976), is misplaced because the defendant Board of Regents has not opened its meetings, either partially or completely, to the general public. Consequently, the Board's rational procedural policy violates neither the First Amendment nor the Fourteenth Amendment to the United States Constitution.

As to the award of attorney's fees to the plaintiffs, the district court found that the plaintiffs obtained substantial voluntary relief *as a direct result of their lawsuit.* Consequently, the award of attorney's fees was proper. *Criterion Club of Albany v. Board of Commissioners of Dougherty County*, 594 F.2d 118 (5th Cir. 1979). As to the defendants' request for attorney's fees, they made no such request in the trial court. Further, such an award would be inappropriate since the plaintiffs' suit was not frivolous, unreasonable, or without foundation. *See Christiansburg Garment Co. v. E. E. O. C.*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

AFFIRMED on the basis of the district court's opinion, 491 F.Supp. 138 (M.D.Ga. 1979), and the district court's order of October 26, 1979 (CA 78–69–ATH).